GEORGE R. CORNWALL, Respondent, *v.* JOSEPH SACHS, Appellant, Impleaded with HENRY FENNO.

*Injunction pendente lite — balance of inconvenience — sale of an improvement in a patent, produced under contract with the plaintiff, restrained.*

Where, upon balancing considerations of relative convenience and inconvenience, on an application for an injunction *pendente lite*, it is apparent that the act complained of is likely to result in irreparable injury to the plaintiff, and the balance of inconvenience preponderates in his favor, the injunction will be granted.

On an application for an injunction *pendente lite* to restrain the defendant from selling an invention which the plaintiff claimed was an improvement in a patented individual fire alarm system, produced by the defendant under a contract by which all such improvements were to belong to the plaintiff, but which the defendant claimed was an independent invention, the plaintiff made out a *prima facie* case, and it appeared that the injury which the plaintiff would sustain by a sale of the invention was much greater than the defendant could sustain by a temporary restraint upon his right of disposition.

*Held,* that a case was presented where it was proper to preserve the *status quo* until a hearing could be had upon the merits, but that the injunction should apply only to the particular invention claimed by the plaintiff as an improvement, and to the papers and drawings relating thereto.

APPEAL by the defendant, Joseph Sachs, from an order of the Supreme Court, made at the New York Special Term, and entered in the office of the clerk of the city and county of New York on the 1st day of March, 1893, granting an injunction *pendente lite.*

The action was brought to enjoin the defendant Sachs from selling or assigning certain inventions and patent rights, and from removing certain models, drawings and other property, to which the plaintiff claimed to be entitled under a contract made by the defendant Fenno, acting for the plaintiff and as his agent, with the defendant Sachs, and to have the contract, and all the benefits and advantages secured to Fenno by its terms adjudged to belong to the plaintiff.

*Francis Forbes,* for the appellant.

*Lawrence Godkin,* for the respondent.

BARRETT, J. :

The question here is whether Sachs' latest invention is an improvement upon his original invention, for which a patent was granted on the 30th of August, 1892, or whether it radically differs therefrom and from the patented mechanism. Under the contract between Fenno and Sachs, the latter was to perfect an individual call fire alarm system to be used in operating present systems of fire alarm street boxes from a distance, and Fenno was to be the owner of the patent to be issued therefor. Sachs was also to assign to Fenno such improvements upon the original application as might be made during the continuance of Sachs' monthly stipend. After the system, for which a patent was granted in August, 1892, had been to

some extent perfected, Sachs invented the debated system, and in February, 1893, he applied for a patent therefor.

The plaintiff alleges that this latter application and the system upon which it was based involved an improvement upon Sachs' original invention, and, although this allegation is made upon information and belief, Fenno supports it by an affidavit in which he states, positively, that the latest application was certainly intended to be an improvement upon the system described in the contract, and that it follows the specifications of the contract, except in certain particulars, as to which there was a special agreement. Fenno also states that the alleged improvement was so invented while Sachs was still in his employ and in receipt of salary under the contract.

The plaintiff thus makes out a *prima facie* case in support of his claim, and although his averments are denied, we agree with the Special Term that it was proper to preserve the *status quo* until a hearing upon the merits. The injury which the plaintiff would sustain by a sale of the invention is much greater than the defendant can possibly sustain by a temporary restraint upon his right of disposition.

The case is thus brought within the rule that where, upon balancing considerations of relative convenience and inconvenience, it is apparent that the act complained of is likely to result in irreparable injury to complainant, and the balance of inconvenience preponderates in his favor, the injunction will be granted. (High on Injunctions, §§ 5, 13.)

We think, however, that the order appealed from is altogether too broad, and that it should be modified by limiting the injunction to the particular invention which the plaintiff claims as an improvement upon the original invention.

It was improper to embrace in the injunction order the original invention for which the patent of August, 1892, was issued. No allegation with regard to this invention is made in the complaint, and Sachs has never denied the plaintiff's right thereto or to the patent therefor.

The sweeping provision restraining the sale of *any other* invention, improvement or patent relating *in any way to a fire alarm system*, or boxes or apparatus for use in connection therewith, was wholly unauthorized. So, also, was the mandate that Sachs deposit

with Messrs. Briesen & Knauth certain specifications, drawings and models, and that he prosecute his application for a patent with all practical diligence.

As to the materials, models, drawings and papers in the Germania Bank building, or in the shop of Wischering & Son, the injunction was proper so far as it restrains their disposition *pendente lite*. But the injunction on this head should be limited to such materials, models, drawings, papers, etc., as relate to the invention and application in dispute — namely, the application of February, 1893 — and it should also be limited to the sale of these articles. There is no reason why they should be taken out of Sachs' possession — any more than the disputed invention — in advance of judgment. Indeed, an injunction can properly run against their disposition only because they are ancillary to the invention, and may be embraced in the decree — if the plaintiff is successful upon the trial — as an incident to the main relief. But for this peculiarity the plaintiff would be left to his legal remedy as to these articles.

This modification of the injunction practically disposes of the second branch of the appeal — namely, the order made upon the application to punish for contempt. No decision, however, was made with regard to the alleged contempt, and the order on that head is simply a statement that no punishment will be imposed, but that in a certain contingency the plaintiff may apply again.

The order appealed from should, therefore, be modified so as to enjoin Sachs from disposing of the invention described in the specifications for an auxiliary fire alarm system sent by him to the United States patent office on or about February 14, 1893, and also from disposing of any of the materials, models, drawings, papers or other property relating to said invention. In all other respects the order appealed from should be reversed, without costs of this appeal to either party.

VAN BRUNT, P. J., and FOLLETT, J., concurred.

Order modified as directed in opinion, and as modified affirmed, without costs of this appeal to either party.