## Frank Stafford v. William H. Swift.

### Gen. No. 12,431.

1. LEASE—*when equity will enjoin violation of covenants of.* Injunction lies to restrain the violation of negative or restrictive covenants contained in a lease.

2. INJUNCTION—*when lies to prevent .interference with rental sign.* An injunction lies to restrain a tenant from removing from the premises occupied by him a "To Rent" sign where the lease under which his occupancy exists gives to the landlord the right to exhibit the same on such premises.

3. INJUNCTION—*when issuance without notice proper.* In this case it is held that the bill being on oath, and positive in its averments, shows sufficient likelihood of prejudice resulting to the complainant's rights from the delay which would result from the giving of notice of the application for the injunction.

Appeal from interlocutory order granting injunction. Appeal from the Superior Court of Cook County; the Hon THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1905. Affirmed. Opinon filed July 14, 1905.

**Statement by the Court.** This is an appeal from an interlocutory order granting an injunction by which appellant

is restrained from preventing or interfering in any way with appellee's placing or causing to be placed a notice "To Rent" on premises described in the bill of complaint, or from interfering in any way with any notice "To Rent" heretofore or hereafter placed or caused to be placed upon said premises by appellee.

It appears from appellee's bill of complaint that he leased the premises in question consisting of a store room and flat on the first floor of the building described in the bill, for a term ending May 1, 1904; that the lease provided among other things that appellee should be permitted to put upon the premises at all times a notice "To Rent," appellant not to interfere therewith; that when a short time prior to March 29, 1905, appellee placed such notice on the premises appellant wrongfully interfered with and removed it; that by reason of such violation of the terms of the lease appellee brought a suit of forcible entry and detainer before a justice of the peace and obtained judgment for possession; that thereupon appellant gave notice of appeal from said judgment; that since the rendition of said judgment appellant has torn down and removed another notice "To Rent" and refuses to permit appellee to have such a notice on the premises, although his lease expires April 30, 1905, and the renting period for stores in that locality is from May 1st in each year; that unless permitted to place such notice "To Rent" upon said premises and unless appellant be restrained from removing or interfering therewith, appellee will be unable to notify the public that said premises are for rent and will be unable to get a tenant therefor, beginning May 1, 1905. The injunction was issued in accordance with the prayer of the bill without notice.

P. H. BISHOP, for appellant.

IRA H. ELLIS, for appellee; SWIFT, CAMPBELL & JONES, of counsel.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Appellant asks for a reversal of the order granting the injunction upon the alleged grounds that the bill does not present a case entitling appellee to equitable relief; that even if the bill is sufficient yet on the showing made he was not entitled to a temporary injunction and that in any event the injunction should not have been issued without notice. We are unable to discover from appellant's argument wherein the bill fails to present a case calling for relief in equity. The contention is that the absence of the sign "To Rent" might not prevent appellee from procuring a tenant; that there were other means of notifying the public that the place was for rent, that the only damage appellee could possibly sustain would be that he might not obtain a tenant for a term commencing May 1, 1905, but from aught that appears, his ability to procure one for a period commencing some time after May 1st would not be impaired. It is scarcely necessary to say that we are able to find no force in such contentions.

It is argued that appellee has a complete remedy at law in an action for damages, since it does not appear that such a judgment could not be collected. But the exercise of the preventive jurisdiction of courts of equity in cases of violation of negative or restrictive covenants annexed to leases is sustained by abundant authority, and is based "in part upon the necessity of preventing a constantly recurring grievance resulting from the continuous breach of the covenant which can not be adequately compensated by an action for damages." High on Injns. 3rd ed. sec. 436. In Consolidated Coal Company v. Schmisseur, 135 Ill., 371-378, it is said that courts will interpose by injunction and indirectly enforce specific performance of negative covenants in contracts or leases even though their breach may occasion no substantial injury or though damages, if any, may be recoverable at law. See also United States Trust Co. v. O'Brien, 18 N. Y. Supp., 798-800, where it is said that such a covenant as that here in question could be more effectually enforced at the time with perfect and complete justice in equity, than afterward by the uncertain char-

acter of proof available in an action at law for compensatory damages.

It is assigned as error that the injunction issued without notice to appellant. The bill is accompanied by an affidavit stating that complainant's rights will be unduly prejudiced if the injunction is not issued immediately and without notice. The issue of an injunction without notice is forbidden by the statute "unless it shall appear from the bill or affidavit accompanying the same that the rights of the complainant will be unduly prejudiced" otherwise (R. S. chap. 39, sec. 3). The affidavit is positive in its averments, not on information and belief, and is we think sufficiently supported by the facts stated in the bill and the showing that appellant was actually proceeding to do the thing complained of. Parish v. Vance, 110 Ill. App. 50. The bill shows that appellee was entitled under the covenants of the lease to maintain a sign or notice on the premises showing that they were for rent, that appellant had twice removed or torn down such notice and refused to allow such notice to be again put up on the premises. There remained only about a month before the first of May in which to secure a tenant, and it was evident that if delay were had appellee might be unduly prejudiced by inability to at once notify the public passing by, that the premises were for rent. Appellant's conduct in the matter as stated in the bill warranted the apprehension that if notified of the application for injunction he would delay the proceeding so far as lay in his power. Upon the whole we are of opinion that the issue of the writ without notice was justified by the facts of the particular case.

The order complained of must be affirmed.

*Affirmed.*