### Anna M. Carlson v. Wilhelmina Koerner.

#### Gen. No. 4,699.

1. FINAL DECREE—*what does not preclude right to.* The fact that an order has been entered which practically disposes of the subject-matter of the suit, does not preclude the entry of a final decree, as it is to the final decree that the parties must look to ascertain their rights as adjudicated in the cause.

2. EQUITY—*jurisdiction of, to enforce covenants of lease.* Equity has jurisdiction to prevent the use of demised premises for purposes other than those provided for in the lease thereof.

Bill in chancery. Appeal from the Circuit Court of Will county; the Hon. DORRANCE DIBELL, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed October 16, 1906.

F. M. FAHEY, for appellant.

COWING & YOUNG, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Wilhelmina Koerner, appellee, filed her bill in chancery in the Circuit Court of Will county, alleging she was in possession and control of certain premises therein described; that Anna M. Carlson, appellant,

held said premises under a lease dated September 19, 1904; that by the terms of said lease appellee was entitled to go upon the premises for the purpose of doing the fall plowing; that she attempted to go upon the said premises for this purpose, but was prevented from doing so by Anna Carlson; that if she was prevented from doing the fall plowing it would cause her an irreparable injury; that Anna Carlson was wholly insolvent and financially irresponsible, and praying for an injunction to restrain the said Anna Carlson from interfering with her going upon the said premises for the purpose of doing her fall plowing. Appellant filed her answer denying appellee's possession and claiming to hold the premises under another lease dated April 21, 1902, to her husband, John Carlson, since deceased, and alleged that the lease dated September 19, 1904, had been obtained by fraud, coercion and duress. A temporary injunction was granted upon affidavits filed, and the court entered a temporary order giving appellant an option to plow the land in ten days, and if not done the appellee was to enter and plow the land, this to be without prejudice to the rights of complainant, and the court retained jurisdiction of the cause to determine the rights of the parties and for all purposes that might arise upon a full hearing.

Upon the full hearing upon the bill, answer and replication thereto, before another chancellor, the court found the issues in favor of the complainant; that the lease dated April 21, 1902, had been terminated by agreement of parties, and that Mrs. Carlson held the premises under the lease of September 19, 1904; that said lease provided that Mrs. Koerner reserved the privilege of plowing the stubble ground after Mrs. Carlson had secured the grain grown thereon; that she had secured the grain prior to the commencement of this suit, but had prevented Mrs. Koerner from going upon the premises for the purpose of plowing the stub-

ble ground and that a portion of the stubble ground remained unplowed at the time said decree was entered; that said stubble ground should be plowed in the· fall, and that it would be an irreparable injury if complainant was not permitted to plow the same; and the court entered a decree thereon and restrained defendant from preventing complainant going upon said premises and plowing the stubble ground remaining unplowed, and decreed that defendant pay the costs.

The appellant contends that a person has no right to a final decree after an order has been entered which practically disposes of the subject-matter, and that the order entered in this case at the time the temporary injunction was granted did dispose of this case. We think this contention is not well founded, for the reason that the rights of parties depend upon the final decree entered in the case, and not upon any prior order, and it is to the final decree that the parties must look to ascertain their rights as adjudicated in the case. Appellant argues that no irreparable injury was shown. That complainant would suffer irreparable injury is sufficiently shown by the evidence. That this is a case where equity properly should take jurisdiction is beyond question. The law is well settled that whenever, under the terms of a lease, the lessee is restricted to the use of the demised premises in a particular manner or for a specified purpose, a violation of the covenant by the use of the premises in a different manner or for another purpose affords ground for the interposition of equity by injunction, and, in all cases, a court of equity is regarded as the appropriate forum for administering relief, the jurisdiction being based in part upon the principles analogous to those which govern the equitable remedy of specific performance, and in part upon the necessity of preventing a constantly returning grievance resulting from a continuing breach of the covenant which cannot be adequately compensated by an action for damages.

High on Injunctions (3rd Ed.), Vol. 1, Sec. 436, pages 327-8. In respect of purely negative covenants annexed to or contained in contracts for leases, courts of equity will frequently interpose by injunction and indirectly enforce specific performance of such negative covenants by prohibiting their breach; and it seems to be well settled that where there is an express negative covenant, courts of equity will entertain bills for injunction to prevent their breach, although the same will occasion no substantial injury, or though the damages, if any, be recoverable at law. This is upon the principle that the owner of the land selling or leasing it may insert in a deed or contract just such conditions and covenants as he pleases touching the mode of enjoyment and use of the land. The grantor or lessor having expressly stipulated that the grantee or lessee shall not do the particular thing complained of, the latter is bound to refrain and the former is not required to submit to the opinions of others as to whether he will not suffer substantial injury. Consolidated Coal Co. v. Schmisseur, 135 Ill. 371-378. It is said in United States Trust Co. v. O'Brien, 18 N. Y. Supp. 798-800, that such a covenant as that here in question could be more effectually enforced at the time with perfect and complete justice in equity than afterwards by the uncertain character of proof available in an action at law for compensatory damages. Stafford v. Swift, 121 Ill. App. 508-510. Equity will not permit one to be deprived of his rights in this way by the violation of a contract, but by injunction will interfere to prevent it. Graves v. Key City Gas Co. (Iowa Supreme Court), 50 N. W. Rep. 283. In Kerr on Injunctions, Chapter X, it is said: "A court of equity will not suffer men to depart from their agreements at their pleasure, leaving the party with whom they have contracted to the mere chance of damages which a jury may give." Martin v. Cleveland, 119 Ill. App. 522. We think the facts in this case are such that

equity should take jurisdiction, and it was proper for the injunction to issue as decreed.

A great portion of appellant's arguments is given to an effort to show that the second lease was signed under duress. An examination of the facts in the case conclusively shows to us that the appellant was not coerced into signing the new lease, and that she had plenty of opportunity to ascertain her rights at the time, and although the signing of the new lease was not in accordance with her ideas as to the validity of the old lease, yet she signed the new one voluntarily. The only thing complained of is, that defendant threatened to exercise what was assumed by the parties to be her legal right. No claim is made that appellant did not fully know and understand what she was doing, was not in her right mind, in control of her mental faculties with full power to sign the contract or refuse to do so. She was, therefore, under no duress, within the meaning of the law. Stover v. Mitchell, 45 Ill. 213; Brower v. Callender, 105 id. 88; Kerting v. Hilton, 152 Ill. 663.

The proposition that the court erred in entering an order that the said lease from Wilhelmina Koerner to John Carlson, dated April 21, 1902, had been terminated by agreement of complainant and defendant and that defendant is now in possession of said premises under the lease of Mrs. Koerner to her, dated September 19, 1904, is not well taken, for the reason that this fact was in issue under the pleadings in this case, and the proof authorized that decree.

Finding no error in the record, the decree must be affirmed.

The decree is therefore affirmed.

*Affirmed.*

Mr. Presiding Justice DIBELL, having heard this case in the lower court, took no part in its decision here.