**Thomas Cusack Company, Appellee, v. Tony Mann and Tagney & Hudson Company, a corporation, Appellants.**

## Gen. No. 17,239.

1. EASEMENTS—*remedy to prevent interference with enjoyment of.* Injunction is a proper remedy to protect against an interference with the enjoyment of an easement or a burden or servitude in the nature of an easement.

2. INJUNCTIONS—*when lie without notice to restrain interference with enjoyment of easement.* Held, that under the facts set up, the complainant in this case was entitled to an injunction to prevent interference with the enjoyment of an easement to place bulletin boards upon the wall of a certain building.

Bill for injunction. Appeal from the Circuit Court of Cook

county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 13, 1911.

LOUIS A. HEILE and PHILIP CLARKSON, for appellants.

JOHN S. HUMMER, for appellee.

MR. PRESIDING JUSTICE BAKER delivered the opinion of the court.

This is an appeal by the defendants from an order for a temporary injunction, granted without notice, restraining the defendants from preventing the complainant from placing on the east wall of a certain building bulletin boards, in accordance with provisions of a contract between complainant and Beringer & Hutter, the lessees of the building. The bill sets out the contract between complainant and Beringer & Hutter, which, under the cases of Willoughby v. Lawrence, 116 Ill. 11, and Gunning Co. v. Cusack, 50 Ill. App. 290, gave to complainant a right in the wall which, if not an easement, was a burden or servitude in the name of an easement, for the term of six years from June 10, 1908. The bill avers that in August, 1910, Beringer & Hutter assigned said lease to defendant Mann, who had full knowledge of said contract between complainant and Beringer & Hutter and assumed the obligations thereof; that in October, 1910, complainant took down its bulletin board from said wall for the purpose of placing new advertisements thereon, and Mann refused to permit complainant to replace said bulletin board, and entered into some arrangement with the defendant, the Tagney & Hudson Company, whereby said Company placed a bulletin board on said wall and since has maintained the same; that said Company, when it entered into said arrangement with Mann, had notice of complainant's rights and interest in the premises.

The grounds of reversal urged are, that the "bill discloses no equity," and "that the injunction should not have been granted without notice."

That injunction is a proper remedy to protect against an interference with the enjoyment of an easement or a burden or servitude in the nature of an easement, was decided in Willoughby v. Lawrence, *supra.*

We think that on the facts stated in the bill the complainant was entitled to an injunction.

The affidavit accompanying the bill states that there then was on the premises in question no such evidence of complainant's rights under the contract of June 10, 1908, as would give notice of such rights, and that if notice of an application for an injunction was given, the defendants, or one of them, would in all probability enter into a contract in regard to the space on said east wall with some person who might have no notice, actual or constructive, of complainant's rights and interest in the premises, and thereby complainant might lose the benefit of any injunction which might subsequently be issued on notice, and be unable to obtain the relief sought by its bill.

In Edwards v. Haeger, 180 Ill. 99, it was held, that in order that an easement shall be binding on a subsequent purchaser, the right of servitude must have existed upon the premises, or the marks of the burden been open and visible. In this case the affidavit states, in effect, that there was at the time of the filing of the bill no sign of servitude or marks of the burden of servitude on the premises. On the facts stated in the affidavit, therefore, a purchaser of the rights of the defendants in the premises would take such rights freed from such burden or servitude.

We think it appears from the affidavit that the complainant was entitled to an injunction without notice, and the order granting a temporary injunction will be affirmed,

*Affirmed.*