## Dominick Rago, Appellee, v. The Village of Melrose Park et al., Appellants.

### Gen. No. 16,799.

1. INJUNCTIONS — *when preliminary sustained.* Injunctions *pendente lite* will be granted and continued in doubtful cases until final decree in the litigation if it appears that less harm from this course will result to the enjoined party if he should be finally victorious than would accrue to the complainant from the absence of the injunction if he were the winning party.

2. INJUNCTIONS—*when lie to restrain enforcement of ordinance.* An injunction lies to restrain the enforcement of an ordinance not already found invalid if it appears that the intervention of equity will prevent a multiplicity of suits.

Bill for injunction. Appeal from the Superior Court of Cook county; the Hon. ARTHUR H. CHETLAIN, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 13, 1911.

F. J. GRIFFEN, for appellants.

CORNELIUS R. ADAMS and FRANK R. VOSBURGH, for appellee.

MR. JUSTICE BROWN delivered the opinion of the court.

The injunction *pendente lite* from the granting of which this appeal is taken prohibits the village of Melrose Park, and its village marshal, with their officers and agents, from prosecuting the complainant, Dominick Rago, and his employes for the violation of an ordinance set out in the bill of complaint "regulating the construction, alteration, repairing and moving of buildings" until the further order of the court.

It appears to us on an examination of the record that there are very serious questions deserving consideration raised in the cause as to the validity of the ordinance and the legality and good faith of the attempted enforcement of it against the complainant.

We do not undertake to pass on those questions in this interlocutory appeal.

It is a familiar principle concerning injunctions *pendente lite,* that they will be granted and continued in doubtful cases until final decree in the litigation if it appears that less harm from this course will result to the enjoined party if he should be finally victorious than would accrue to the complainant from the absence of the injunction if he were the winning party.   Beach on Injunctions, sec. 110; High on Injunctions, section 13; Cornwall v. Sachs, 69 Hun 283.

We think this is such a case and shall affirm the order of the court below.

The question that is raised as to the right of the complainant to maintain a bill to enjoin the enforcement of an ordinance not already found invalid, seems, in view of the allegations of the bill, which must be taken by us as true, to be foreclosed in his favor by the decisions of the Supreme Court in the City of Chicago v. Collins, 175 Ill. 445, and Wilkie v. Chicago, 188 Ill. 444.

The bill in this case asserts ''that there are many persons besides the complainant situated in like circumstances and the prosecution of the penalties provisions would result in a multiplicity of suits not only against him, but against many other persons.''

If this be true the case would seem to fall under the language of the Supreme Court in the Collins case. ''The enforcement of a city ordinance may be enjoined in order to prevent a multiplicity of suits at the instance of any person whose interests are impaired by it.''

We do not think that *mandamus* would furnish such a practicable and adequate remedy in this case, if the complainant's contentions are sound, as would oust equity of jurisdiction.

The order of the Superior Court is affirmed.

*Affirmed.*