## Amy Young, Appellee, v. Federal Union Surety Company et al.

## On appeal of Fred A. Bangs, Appellant.

## Gen. No. 19,686.

1. INJUNCTION, § 156*—*test in determining propriety of holding property in statu quo.* The chief, if not the controlling question on a bill for a temporary injunction to hold the property in *statu quo* until the rights of the parties have been adjudicated, is the relative inconvenience to the parties that will result from the granting or refusal to grant the injunction.

2. INJUNCTION, § 156*—*when property will be ordered held in statu quo.* Although there may be serious doubts as to who should prevail on the merits on a bill to enforce a contract of sale of an heir's interest in an estate, a temporary injunction may be issued requiring the property to remain in *statu quo,* where complainant would have a barren victory if the stocks and securities were put beyond the reach of the court and defendant has no personal interest or claim in the property.

3. INJUNCTION, § 159*—*when clear right to permanent injunction need not be shown by bill.* A bill need not show a clear right to a permanent injunction where a temporary injunction is prayed for in order to conserve the rights of the complainant pending the litigation.

4. INJUNCTION, § 159*—*when sufficiency of bill can be tested only by demurrer.* The question of the sufficiency of a bill to warrant an order for a temporary injunction to preserve a *status quo* pending the determination of the rights can be tested only as on a general demurrer, and must be *held* sufficient if it shows a right to the relief prayed for.

5. INJUNCTION, § 159*—*when bill for temporary injunction is sufficient.* A bill *held* sufficient to warrant the ordering of a temporary injunction requiring the parties to keep the property in *statu quo* until the determination of the merits of the controversy.

Appeal from the Superior Court of Cook county; the Hon. MICHAEL L. McKINLEY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed November 21, 1913.

E. I. FRANKHAUSER, for appellant.

ALDEN, LATHAM & YOUNG, for appellee.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

MR. PRESIDING JUSTICE GRAVES delivered the opinion of the court.

This is an appeal from an interlocutory order granting an injunction on a bill filed to enforce a contract for the sale to appellee of the interest of one Jay A. Rigdon as an heir in the estate of Charles W. Rigdon, deceased.

Several defendants are named whom the bill alleges have possession of, control over or access to all or part of the property included in the contract for sale, on which the bill is based. As to Fred A. Bangs, who is the only appellant, it is averred that he is the attorney for Jay A. Rigdon, the heir, and that such possession of, control over or access to the property as he has, arises from that relation. The injunction order complained of is aimed to, and can only have the effect of requiring the property to remain in *status quo,* as to ownership, possession and location of deposit, until the rights of appellee to it can be adjudicated. The property in question consists almost, if not entirely, of shares in various mining corporations. If there is any other, it consists in negotiable securities.

As we understand the trend of modern authority, the merits of the main controversy are not necessarily involved in the question whether a temporary injunction is properly ordered, where the effect of such injunction is merely to hold the property in *status quo,* until the rights of the parties have been adjudicated. In *Harriman v. Northern Securities Co.,* 132 Fed. 464, the Court said: "Where, however, the sole object for which an injunction is sought is the preservation of a fund in controversy, or the maintenance of the *status quo* until the question of right between the parties can be decided on final hearing, the injunction properly may be allowed, although there may be serious doubt of the ultimate success of the complainant."

The case of *Swift v. McCormick,* 121 Ill. App. 556, was an appeal from an order granting a temporary injunction restraining the defendant from disposing of

a certain certificate of stock, the title to which was in controversy in the bill on which the injunction was ordered, and the Court there said: "The circumstances of the gift are unusual, and the certificate is peculiar in some of its conditions. It is not proper for us to pass upon the merits of the case on this interlocutory appeal."

To the same effect is the holding in *City of Newton v. Levis,* 25 C. C. A. 161, 79 Fed. 715, and in *Rago v. Village of Melrose Park,* 161 Ill. App. 18.

One of the chief if not the all controlling question to be determined in such cases is the relative inconvenience to the parties that will result from the ordering or refusal to order such injunction. In *Rago v. Village of Melrose Park, supra,* the Court said: "It is a familiar principle concerning injunctions *pendente lite,* that they will be granted and continued in doubtful cases until final decree in the litigation if it appears that less harm from this course will result to the enjoined party if he should be finally victorious than would accrue to the complainant from the absence of the injunction if he were the winning party. Beach on Injunctions, sec. 110; High on Injunctions, sec. 13; *Cornwall v. Sachs,* 69 Hun 283.

We think this is such a case and shall affirm the order of the court below."

In *Russell v. Farley,* 105 U. S. 433; it is said: "It is a settled rule of the court of chancery in acting on applications for injunctions, to regard the comparative injury which would be sustained by the defendant, if an injunction were granted, and by the complainant if it were refused. Kerr on Injunctions, 209, 210. And if the legal right is doubtful, either in point of law or fact, the court is always reluctant to take a course which may result in material injury to either party."

In 22 Cyc. 751, the author says: "It is not sufficient ground for refusing a preliminary injunction that it is not absolutely certain that complainant has

the right that he claims, or that the injury feared will occur; and even though complainant's right to permanent relief is doubtful, it may be proper to maintain the *status quo* pending the determination of his right, the issuance of a temporary injunction in such cases depending chiefly upon the relative inconvenience to be caused to the parties.''

In the case of *City of Newton v. Levis*, 25 C. C. A. 161, 79 Fed. 715, the following language is used: ''The granting or withholding of a preliminary injunction rests in the sound judicial discretion of the court, and the only question presented by this appeal is, whether or not the court below erred in the exercise of that discretion under the established legal principles which should have guided it.  The propriety of his action must be considered from the standpoint of that court * * *.  The controlling reason for the existence of the right to issue a preliminary injunction is, that the court may thereby prevent such a change of the conditions and relations of persons and property during the litigation, as may result in irremediable injury to some of the parties before their claims can be investigated and adjudicated.  When the questions to be ultimately decided are serious and doubtful, the legal discretion of the Judge in granting the writ, should be influenced largely by the consideration that the injury to the moving party will be certain, great and irreparable if the motion is denied, while the inconvenience and loss to the opposing party will be inconsiderable and may well be indemnified by proper bond if the injunction is granted.  A preliminary injunction maintaining the *status quo,* may properly issue whenever the questions of law or fact to be ultimately determined in a suit are grave and difficult and if the injury to the moving party will be immediate, certain and great if it is denied, while the loss or inconvenience to the opposing party will be comparatively small and insignificant if it is granted.''

While in the case at bar there may be serious doubt

as to who should prevail on the merits of the controversy, if this injunction had not been ordered, any decree appellee might hereafter secure might, and in all probability would, be a barren victory, for it would be an easy matter for appellant to put beyond the reach of the courts of this State any stocks he may have in his hands or under his control, the possession of which appellee seeks to secure by this litigation. On the other hand, it does not appear that appellant has any personal claim on or interest in the property in question, and it is inconceivable how he could be injured by the injunction.

The bill in this case could easily be improved. However, on the question of its sufficiency to warrant an order for a temporary injunction, it can be tested only as on a general demurrer, and must be held sufficient if it shows a right to the relief prayed for. Stripped of its verbiage, the allegations of the bill show that appellee purchased from Jay A. Rigdon his interest as an heir in the estate of Charles W. Rigdon at a stipulated price; that the assets of the estate of Charles W. Rigdon were composed of mining stocks and negotiable securities; that at the time of the purchase they were in the hands of the administrator of the estate of Charles W. Rigdon; that the estate has been fully administered and part of the assets belonging to it which were purchased by appellee from the heir have been turned over to the heir or to others for him; that all the assets are about to be turned over to the heir or to others for him by those having them in their possession and control, and carried away from the jurisdiction of the courts of this State, and that the same will be so turned over and carried away, unless those having possession and control of the same are restrained from so doing by injunction; that Jay A. Rigdon has repudiated the sale; that appellee has offered and attempted to pay the consideration and now stands ready and willing and offers to pay the same; and that appellee has no adequate remedy at law. We think the

bill was sufficient to warrant the court in ordering the temporary injunction whereby the parties were required to keep the property in question in *status quo* until the determination of the merits of the controversy.

The contention that in order to warrant a temporary injunction a bill must show a clear right to a permanent injunction has no force where the temporary injunction is prayed for in order to conserve the rights of the complainant pending the litigation. The rule referred to applies only to cases where the relief prayed for is a permanent injunction.

For the reasons above given the order of the Superior Court is affirmed.

*Order affirmed.*