UNITED CIGAR STORES COMPANY OF AMERICA, Appellant, *v.* LOUIS J. LEVIN and Others, Respondents.

Second Department, October 28, 1921.

**Landlord and tenant — lease providing that on reconstruction of building new store would be planned therein for lessee — lessors will be restrained from erecting building unless provision be made therein for lessee's occupancy.**

An injunction will be granted to the extent of prohibiting the lessors from erecting any building on their property unless provision be made therein for a store to be occupied by the lessee as called for by the terms of a lease in which the lessors agreed to construct a store on their property for the lessee if during a long-term lease the buildings forming part of the premises under lease should be demolished, where it appears that the lessors contemplated alterations of the leased premises and that the plans on file, which were not approved by the lessee, make no provision for it as tenant, as covenanted in the lease.

APPEAL by the plaintiff, United Cigar Stores Company of America, from an order of the Supreme Court, made at the Kings Special Term and entered in the office of the clerk of the county of Kings on the 9th day of August, 1921, denying its motion for an injunction and vacating a temporary injunction theretofore granted.

*Charles Levy* [*Edward F. Spitz* with him on the brief], for the appellant.

*Thomas H. Low* [*C. Edwin Butz* with him on the brief], for the respondents.

MANNING, J.:

The record presented here clearly shows without contradiction that the defendant Levin heretofore leased to the plaintiff the cigar store in the premises located at the southeasterly corner of Sands and Washington streets, Brooklyn, N. Y., for a long term of years; and that in the lease the defendant Levin expressly agreed that if at any time prior to November 1, 1936, he should demolish the present buildings forming part of the premises under lease, or demolish the corner building at the intersection of the southerly side of Sands street and the easterly side of Washington street, and erect a new building in place thereof, he would at his own cost and expense construct and erect for the lessee a store on the ground or store floor of such building or buildings at the intersection of the southerly side of Sands street and the easterly side of Washington street; also, that the store should be set forth in plans and specifications for the erection of such new building, and in so far as such plans and specifications pertain to such store, they should be subject to the written approval of the lessee. The lease further provided that upon the construction of the new store the lessee was to remove from the premises now occupied by it to the new store erected on the corner, and that all of the terms, covenants and conditions of the lease should apply to such new store in the same manner and to the same effect as though the new store had originally been leased to the lessee; and upon the lessee's removing to the new store that the premises now leased and occupied should revert to the lessor. An application has been filed in the building department by the defendant Levin for a permit to make certain alterations to the premises at the corner of Sands and Washington streets, and accompanying said application is a plan filed therewith, showing in detail the proposed alterations. An examination of the plan discloses that it is contemplated to erect stores immediately adjacent to the store occupied by the plaintiff, along Washington street to the extent of thirty-nine feet four inches, and along Sands street fifteen feet eleven inches; and upon such plan it is indicated that the said stores are to be used as follows: Store corner Sands street as a millinery store; the store next as a shoe-shining and hat-cleaning parlor, and

the third store as a cigar store. The record shows that in the plans as filed by the defendant Levin no provision whatsoever is made for the plaintiff as tenant, pursuant to the clause above referred to. It is apparent that the defendants intend to ignore the provisions of the lease, and hence the plaintiff herein is entitled to injunctive relief, to the extent of preventing the erection of a corner building by the defendants, unless the plans for such new building shall provide for the space to be occupied by the lessee, the plaintiff herein, as covenanted by the terms and conditions of the lease under which it now occupies the premises.

The order appealed from is, therefore, reversed, with ten dollars costs and disbursements, and an injunction granted to the extent of prohibiting the defendants from erecting any building upon their property on the corner of Washington and Sands streets, unless provision be made therein for the occupancy by the plaintiff of a store as called for by the terms of its lease.

BLACKMAR, P. J., MILLS, PUTNAM and KELLY, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and an injunction granted, in accordance with opinion. Settle order before Mr. Justice MANNING.