Thomas Skelers et al., Appellees, v. Edward I. Meyer et al., Appellants.

Gen. No. 31,988.

1. INJUNCTIONS—*when breach of lease restrained before lease term begins.* A preliminary injunction is properly issued before a lease term begins, to restrain the lessor from leasing adjacent property contrary to the terms of the prior lease on the property in dispute.

2. INJUNCTIONS—*when breach of lease properly restrained without notice.* A preliminary injunction without notice was properly issued to restrain a lessor from leasing property adjacent to that under a prior lease and contrary to its terms, in view of promptness being required to prevent such infraction.

3. INJUNCTIONS—*when bond not required on.* A bond need not be required, in the court's discretion, of complainants for a preliminary injunction which will only deprive lessors of their chance to lease property contrary to the terms of their lease with complainants who have put in escrow a cash deposit to guarantee compliance with their lease.

Appeal by defendants from temporary injunction order issued by the Circuit Court of Cook county; the Hon. IRA RYNER, Judge, presiding. Heard in the first division of this court for the first district at the March term, 1927. Affirmed. Opinion filed October 10, 1927. Two rehearings denied October 24, 1927.

LOWENHAUPT & WOLFF, for Edward Meyer and Robert Meyer, appellants. SLOTTOW & LEVITON, for William Nelson, appellant; CHARLES LEVITON, of counsel.

MOSES, KENNEDY, STEIN & BACHRACH, for appellees; ROBERT BACHRACH and ISAAC E. FERGUSON, of counsel.

MR. JUSTICE MCSURELY delivered the opinion of the court.

Defendants appeal from a preliminary injunction restraining them from leasing and renting certain premises. .

Complainants' bill shows that March 9, 1927, they entered into a lease with defendants, Edward I. Meyer and Robert Meyer, as lessors, for a storeroom to be erected by lessors in accordance with certain plans and specifications referred to in the lease. The lease was to begin June 1, 1927, and run for five years. At the time it was executed $1,800 was placed by the lessees (complainants here) in escrow with the lessors' attorney to be delivered to lessors as security for the payment of rent. The storeroom leased was to be erected as a part of a building containing other store-

rooms and the lease expressly provided that the lessors would not lease any part of said building other than said storeroom for use as a restaurant or chop suey establishment. Complainants allege in their bill filed April 30, 1927, that the new building would include a certain space, 12 by 20 feet, in the rear of the space leased to lessees, which the defendants were about to complete and deliver possession of to one William Nelson under a lease to him, to be used by him as an addition to a restaurant he was then occupying. The bill of complaint was accompanied by affidavits, and thereupon the injunctional order was issued restraining Edward Meyer, Robert Meyer and William Nelson from renting, leasing, using or permitting to be used the said rear space as a restaurant or chop suey establishment or in connection with or as a part of the restaurant then occupied by said Nelson.

Defendants first urge that the injunction issued April 30, 1927, is wrong because complainants had no rights which might be preserved until the commencement of the term of the lease, which is June 1, 1927. There is no merit in this. It has been repeatedly held that it is one of the most valuable features of equity jurisdiction to anticipate and prevent a threatened injury, especially where the consequent damages would be insufficient or difficult to determine. To have waited until June 1, when the lessees' term began, before applying for injunctional relief, would have permitted the contemplated wrong to be consummated, and defendants might then have raised the point that by standing by without opposition complainants had waived the restrictive covenants of the lease. It was a situation peculiarly appealing to the equitable discretion of the chancellor, and the injunctional order was properly issued. Such action is in line with many decided cases. *VanSant v. Rose*, 260 Ill. 401; *Anderson v. Hultberg*, 117 Ill. App. 231; *Garden City Sand Co. v. Southern Fire Brick & Clay Co.*, 124 Ill. App. 599, 223

Ill. 616; *Thomas Cusack Co. v. Mann,* 160 Ill. App. 649; *Standard Fashion Co. v. Siegel-Cooper Co.,* 157 N. Y. 60, 43 L. R. A. 854; *United Cigar Stores Co. of America v. Levin,* 198 App. Div. 268, 190 N. Y. S. 469; Pomeroy's Equity Jurisprudence (4th Ed.), vol. 4, sec. 1708; High on Injunctions (4th Ed.), vol. 2, sec. 1134.

Objection is next made to the issuing of the injunction without notice. The chancellor might well have been of the opinion that if notice had been given to the defendants they would have proceeded at once to consummate the proposed violation of the covenants of the lease. Under the circumstances the effectiveness of the injunction would largely depend upon the promptness with which it was issued. We think it sufficiently appears that the rights of the complainants might have been unduly prejudiced if notice had been required. Cases approving the issuance of an injunctional order without notice are *Stafford v. Swift,* 121 Ill. App. 508; *Village of Itasca v. Schroeder,* 182 Ill. 192. Every such case depends upon its peculiar facts, and citations covering different situations are not helpful.

The same is true with reference to the issuance of the injunction without bond. The only result of the injunction is to deprive the defendants of the use of certain space in their new building in direct violation of the covenants of the lease. We can see no good purpose which would be served by requiring complainants to file a bond, especially as they have already put up a cash deposit of $1,800 with the lessors' attorney. Requirement of a bond is largely within the discretion of the chancellor, and his order in this respect will not be disturbed unless there is a clear showing of an abuse of discretion. *City of Kewanee v. Otley,* 204 Ill. 402; *New Ohio Washed Coal Co. v. Coal Belt Ry. Co.,* 116 Ill. App. 153; *Young v. Federal Union Surety Co.,* 183 Ill. App. 278; *West Side Hospital of Chicago v. Steele,* 124 Ill. App. 534.

The preliminary injunction was proper and is affirmed.

*Affirmed.*

MATCHETT, P. J., and O'CONNOR, J., concur.