Hugo H. Kuhl, Appellee, v. Mary Louise Clark et al.,
Defendants.
Appeal of John W. Mabbs, Appellant.

Gen. No. 35,062.

492

Opinion filed May 13, 1931.

David K. Tone, for appellant.

Lewis & Titzel, for appellee.

Mr. Presiding Justice Wilson delivered the opinion of the court.

This is an appeal by John W. Mabbs, one of several defendants, from an interlocutory order entered in the superior court denying the motion of Mabbs to dissolve a preliminary injunction. The complainant, Hugo H. Kuhl, filed his original bill of complaint, making Mary Louise Clark, Frederick L. Brown, Continental Illinois Bank & Trust Company and the unknown owner of a promissory note for $5,000, executed by Kuhl, parties defendant. Among other things the bill prayed for a preliminary injunction restraining the defendants from assigning, delivering or disposing of

said note and praying that upon a final hearing the injunction be made perpetual, and the note canceled. The preliminary injunction was issued as prayed for in said bill of complaint. On the 18th of August, 1930, Kuhl filed his amended bill of complaint, making John W. Mabbs an additional party defendant.

The amended bill charged that the defendants had illegally confederated and conspired together by means of said note to defraud complainant out of the sum of $5,000; that the Continental Illinois Bank & Trust Company, as agent of the defendants, is unlawfully trying to procure payment of said note; that Mary Louise Clark transferred said note to Mabbs without consideration, other than the legal consideration of the joint conspiracy; that Mabbs was fully aware that Mary Louise Clark had stolen said note and had no title thereto; that the defendants entered into a conspiracy to defraud the complainant and to embezzle the said note and the proceeds thereof. The said bill prayed that Mabbs be required to answer said bill under oath, stating the manner in which he received the said note and the consideration paid therefor.

Mabbs filed his answer to the amended bill denying that he had at any time entered into a conspiracy with the defendants to defraud complainant; that he was asked by said defendants to invest and did invest $2,000 in the concern known as the Mutual Bond Company; that he met Mary Louise Clark for the first time on November 21, 1929, and on November 23, 1929, the said Mary Louise Clark offered to sell the defendant Mabbs the Kuhl note of $5,000, for the sum of $3,000 in cash; that the said Mary Louise Clark stated that she was a wealthy woman and had invested $5,000 in the mutual bond business of the said defendants Brown and Hayes; that she had taken the note of Kuhl from Brown in payment of $5,000 that she had advanced to

Brown to be used in said bond business. Mabbs relied upon the statement and believed the same to be true and purchased the said note in good faith.

March 1, 1930, Mabbs made his motion to dissolve the preliminary injunction, but the matter was referred to a master in chancery on a stipulation, to the effect that the proof offered was to be wholly with reference as to whether the preliminary injunction heretofore issued should be dissolved as to the defendant Mabbs, and if the Continental Illinois Bank & Trust Co. was involved, it should also be dissolved as to it, if it be found that it was acting as Mabb's agent.

The master in chancery heard the testimony of witnesses and found that the evidence offered on behalf of the defendant Mabbs in support of his motion to dissolve the preliminary injunction did not in the opinion of the master warrant the granting of the motion to dissolve the injunction and recommended that the motion be denied and the injunction continued in force pending a hearing on the merits of the cause. Objections were filed to the report of the master and the cause heard on the master's report and objections thereto. The master's report was considered by the chancellor on the objections standing as exceptions. At the same time the chancellor heard additional evidence offered on behalf of complainant and an order was entered overruling the exceptions to the master's report and denying the motion of Mabbs to dissolve the temporary injunction. It is from that order that this appeal is taken.

It is contended by the defendant Mabbs that his answer under oath must be accepted as true unless overcome by testimony of two witnesses or by one witness and equivalent circumstances, and that no such testimony was produced at the hearing. It is also contended that the bill of complaint charged the defendant

with a criminal offense and that, therefore, the burden was upon the complainant to prove his case beyond a reasonable doubt. Other matters have been urged as grounds for reversal of this appeal which, in our opinion, should be considered upon a trial on the merits. These matters have to do with the legal principles concerning the rights of a person who takes commercial paper before maturity for a valuable consideration without knowledge of any defects, and the fact that one purchases a note at a large discount does not necessarily raise a presumption of bad faith. We are concerned, however, with only the question as to whether or not the trial court in its discretion had the right to issue a temporary restraining order and to deny the motion to dissolve upon the amended bill and answer and the proof taken. Chapter 69, ¶ 16, Cahill's Stats. 1927, provides that on a motion to dissolve an injunction after answer the court is not bound to take the answer as true but may decide the matter on the weight of the evidence.

It has been argued that the complainant would not be injured by the dissolution of the injunction because he would have his rights at law in an action on the note. In our opinion, however, it is not necessary to resort to an action at law as a court of equity has already taken jurisdiction of the cause and the matter can be settled on a final hearing in the chancery proceedings now pending.

It is also urged that the master's report contained no findings of fact, but it appears from the record that part of the proof was taken before the chancellor and in arriving at his decision the chancellor had before him the proof taken before the master as well as the additional proof and was still of the opinion that the best interests of all parties could be conserved by the continuance of the preliminary injunction until a final hearing could be had.

The purpose of a preliminary injunction is not to decide the merits of the cause, but to continue the matter in *statu quo* until the court had an opportunity to consider the cause in its entirety. A hearing on a motion to dissolve a temporary injunction is not a hearing on the merits. Whether the *status quo* should be preserved depends not only upon the probable disposal of the case immediately on a hearing to dissolve the preliminary injunction, but also upon the relative injury that might be sustained by the parties by the action of the court in granting or refusing the motion. *Barrell v. Lake Forest Water Co.*, 200 Ill. 529; *Fishwick v. Lewis*, 258 Ill. App. 402. The court in its opinion in the *Fishwick* case, says:

"A motion to dissolve a temporary injunction is not necessarily a hearing on the merits, but presents the question whether it is advisable to preserve the *status quo* of the matters in controversy by a continuance of the temporary injunction until a final hearing on the merits of the case. Whether the *status quo* should be preserved until the final hearing depends not only upon the probability that a case will be made out on a final hearing, but also upon the relative injury that might be sustained by the parties by the action of the chancellor in granting or refusing the motion. *Barrell v. Lake Forest Water Co.*, 200 Ill. App. 529; *Russell v. Farley*, 105 U. S. 433; Kerr on Injunctions, 209, 210. Where the sole object for which the temporary injunction is sought is the preservation of a fund in controversy or the maintenance of the *status quo* until the question of the right between the parties can be decided on final hearing, the injunction is properly allowed or maintained even where there may be a serious doubt as to the ultimate success of the complaint. *Harriman v. Northern Securities Co.*, 132 Fed. 464. To the same effect is the holding in *City of Newton*

*v. Levis,* 25 C. C. A. 161, 79 Fed. 715 and *Rago v. Village of Melrose Park,* 161 Ill. App. 18; *Young v. Federal Union Surety Co.,* 183 Ill. App. 278. In the latter case the court refers to *City of Newton v. Levis, supra,* and quotes the language of the court in deciding the principle which is here involved. The court said in that case: 'The granting or withholding of a preliminary injunction rests in the sound judicial discretion of the court, and the only question presented by this appeal is whether or not the court below erred in the exercise of that discretion under the established legal principles which should have guided it. The propriety of his action must be considered from the standpoint of that court. . . . The controlling reason for the existence of the right to issue a preliminary injunction is that the court may thereby prevent such a change of the conditions and relations of persons and property during the litigation, as may result in irremediable injury to some of the parties before their claims can be investigated and adjudicated. When the questions to be ultimately decided are serious and doubtful, the legal discretion of the judge in granting the writ should be influenced largely by the consideration that the injury to the moving party will be certain, great and irreparable if the motion is denied. . . . A preliminary injunction maintaining the *status quo* may properly issue whenever the questions of law or fact to be ultimately determined in a suit are grave and difficult and if the injury to the moving party will be immediate, certain and great if it is denied, while the loss or inconvenience to the opposing party will be comparatively small and insignificant if it is granted.' "

It is not our purpose to comment upon the testimony offered before the master, particularly in view of the fact that the chancellor will be called upon to pass upon the merits of that testimony, together with such

other proof as may be made at the proper time and place upon a hearing of the merits of the controversy. Nothing appears from the testimony so taken, however, which would indicate that the defendant Mabbs would suffer any damage from a continuance of the preliminary injunction until a final hearing. The matter is one resting largely in the discretion of the chancellor and we see no reason for disturbing the order denying the motion to dissolve the temporary injunction.

The claim that the complainant is required to prove his case beyond a reasonable doubt, in our opinion is not involved in the motion to dissolve the temporary injunction. We may say, however, that the facts alleged at most amount to no more than a misdemeanor charge. It has been held in this state that the rule applies only in civil cases where the charge is that of a felony. *Rost v. Noble & Co.*, 316 Ill. 357.

For the reasons stated in this opinion the order of the superior court denying the motion to dissolve the preliminary injunction is affirmed.

*Order affirmed.*

Hebel and Friend, JJ., concur.