**L. H. Ortscheid, Lowell O. Wirth and Lyle E. Wirth, Appellees, v. Abraham Siegman, Appellant.**

**Gen. No. 10,093.**

14

Opinion filed March 5, 1947.  Rehearing denied April 17, 1947.  Released for publication April 17, 1947.

THOMAS J. WELCH, JAMES H. ANDREWS, HARPER ANDREWS and CAMPBELL ANDREWS, of Kewanee, for appellant.

JAMES B. YOUNG and GREGG A. YOUNG, both of Kewanee, for appellees.

MR. JUSTICE DOVE delivered the opinion of the court.

L. H. Ortscheid, one of the appellees, owned a business building in the City of Kewanee, the ground floor and basement of which were occupied by appellant with a furniture store.  On March 18, 1946, appellant was restrained by an injunction of the city court of the City of Kewanee from interfering with appellees,

or their agents or employees, in the alteration and repair of the front of the building and the display windows thereof, his motion to dissolve the temporary injunction was denied, and he had prosecuted an appeal to this court from both orders. He claims that the court erred in entering the order for a temporary injunction without notice, and without bond; that the complaint is insufficient and does not state a cause of action in equity; and that the court erred in refusing to dissolve the temporary injunction.

Appellant's occupancy of the premises began with a written lease from Ortscheid to him for one year, dated March 1, 1943, ending February 29, 1944, at a monthly rental at $150 for certain months and at $175 for other certain months. Shortly before the expiration it was extended by written indorsement thereon for another year on the same terms. The lease provided that the lessee should allow the lessor free access to the premises for the purpose of examining or exhibiting the same, "or to make any needful repairs or alterations which said first party (the lessor) may see fit to make."

The verified complaint sets out the above quoted provision of the lease, and alleges that in the fall of 1945 appellees Lowell O. and Lyle E. Wirth sought to rent the premises for a term of 10 years beginning March 1, 1946 at $225 per month, if Ortscheid would remodel the front and display windows of the first floor at a cost not to exceed $3,000, whereupon Ortscheid offered Siegman a lease on the same terms and conditions, to which Siegman at first agreed, but when a lease on those terms in writing was then prepared and submitted to him he neglected and refused to sign the same; that in December 1945, Ortscheid entered into a written lease of the premises with the Wirths for the term beginning March 1, 1946; that on December 18, 1945, Ortscheid personally served a written notice on Siegman of the termination of his lease on

February 28, 1946, and demanding possession upon the termination thereof; that on March 2, 1946, a demand for immediate possession, signed by all of the appellees was served on appellant, and on March 4, 1946, a forcible detainer suit in the city court of the City of Kewanee was started by appellees against appellant. It appears from the affidavit of one of appellant's counsel in his objections to the motion of appellees to dismiss this appeal, that Ortscheid was dismissed as a plaintiff from the forcible detainer suit for want of any right to possession. That suit was pending when the complaint for an injunction in the instant case was filed.

The complaint further alleges that Ortscheid requested appellant's permission to commence the alterations and repairs necessary to comply with the lease to the Wirths; that appellant refused the request and threatened to shoot and injure appellees in the event they sought to make any alterations to the front display windows; that one of appellant's attorneys advised appellant, in the presence of the Wirths, that if he were in appellant's position and appellees sought to make any repairs or alterations, he would prevent them from doing so by force and by shooting them if necessary; that when appellees engaged workmen to commence work on March 4, 1946, appellant called the city police and threatened to have any person who would commence any such work arrested and thrown into jail, and the workmen thereupon left the premises; that one of appellant's attorneys is also city attorney of the City of Kewanee, and that appellees are informed and believe that upon the city attorney's direction, the police of the city were instructed to arrest appellees and any workmen employed by them to engage in any repairs or alterations on the premises, and that on the morning of March 4, 1946, the city police, at the request of appellant and the city attorney, appeared on the scene, and threatened to arrest such

workmen and by force prevent them from proceeding with any repairs or alterations; that the delays incident to the forcible detainer suit may well extend into the summer and fall of 1946, and the conduct of appellant in continuing to occupy the building and in preventing the needful repairs and alterations will prevent appellees from putting the premises in suitable condition for occupancy until the fall or winter of 1946; that the Wirths threaten to abandon their lease because of the inability of Ortscheid to proceed with the repairs and alterations required, and because of his inability to deliver possession, and that Ortscheid is in grave danger of losing a valuable leasing on account thereof. There are other allegations that through failure to receive rentals, Ortscheid is in danger of losing the building which is encumbered in excess of $3,000 as a part of the purchase price, and is his only property and source of revenue, and that the Wirths will sustain loss through inability to sell merchandise and conduct their tire and accessory business; that plaintiffs and their workmen do not propose to injure the building in any way, but that the needful repairs and alterations to the premises may be made without any interference with appellant's business, and that a doorway or suitable entrance may be provided so that patrons and customers of the store may have free ingress and egress without hindrance of the plaintiffs; that appellant has distributed his property and assets among the members of his family in such a manner that he is financially irresponsible; that in order to make such needful repairs and alterations it is imperative that the work be commenced at once and that the rights of plaintiffs will be unduly and seriously prejudiced if the defendant is not enjoined immediately and without notice.

The accompanying affidavit of Ortscheid recites most of the material allegations of the complaint, alleges Siegman has no rights in the premises, and

concludes with an allegation that the affiant is unable to pay the premium on a surety bond incident to the injunction; that he proposes no more than to lawfully proceed with certain alterations and repairs to the building, leaving a passage way for the patrons and customers of Siegman, and prays for the issuance of the injunction without bond. The injunction as issued restrained any interference with, or intimidation, coercion or threatening plaintiffs or their workmen in making any alterations or repairs to the front of the building or the display windows thereof, until other order of the court to the contrary. Appellant filed no answer to the complaint, but filed a motion to dissolve the temporary injunction on the ground that it was improperly issued without notice, and without bond, and without allegation or proof of any facts authorizing it; because another suit was pending in the same court concerning the same property; that plaintiffs' remedy was at law and not in equity; and that the terms of the injunction are ambiguous and unreasonably prejudice the rights of respondent and permit unnecessary and unreasonable damage to his property. Accompanying the notice was an affidavit by appellant of his solvency; that workmen took out windows and doors in the rear of the building, exposing his merchandise to theft and the elements; that the same has been damaged by dust and by being scratched; that Ortscheid told appellant he would put in a wall about 35 feet from the rear of the building, and that the workmen, in attempting to brace the floor at the rear of the building, broke or damaged a water pipe in the basement causing the floor to be flooded and damaging merchandise stored there. Upon the hearing of the motion to vacate the injunction, the court ordered that the temporary injunction be vacated and set aside unless appellees should within three days thereafter file an injunction bond in the penal sum of $2,000 with sureties to be

approved by the clerk of the court, to be dated and conditioned *nunc pro tunc* as of March 18, 1946, and the due filing thereof to continue the injunction in force until the further order of the court.

A motion in this court by appellees to dismiss the appeal was taken with the case. The grounds of the motion are that on August 3, 1946, appellant and the Wirths entered into a written agreement that appellant might remain in the premises until December 1, 1946, appellant to pay the Wirths a rental of $225 per month while he occupied the premises; that the forcible detainer suit should be immediately dismissed, each party to pay his own costs and be released and discharged from all claims and liabilities for loss or damage, or otherwise, to the other party, arising after March 1, 1946, relative to the premises. Appellee Ortscheid was not a party to the agreement, and the subject matter thereof is not the same as the injunction suit. Appellees joined in error and filed briefs in this court. Under those circumstances the motion to dismiss the appeal is denied. (*Kerner v. Thompson,* 365 Ill. 149, 154; *Shlensky v. Shlensky,* 369 Ill. 179, 187.)

Section 3 of the Injunctions Act (Ill. Rev. Stat. 1945, ch. 69, par. 3 [Jones Ill. Stats. Ann. 109.351]) provides: "No court or judge shall grant an injunction without previous notice of the time and place of the application having been given to the defendants to be affected thereby, or such of them as can conveniently be served, unless it appears from the complaint of affidavit accompanying the same, that the rights of the plaintiff will be unduly prejudiced if the injunction is not issued immediately or without notice." Section 9 of the same Act [Ill. Rev. Stat. 1945, ch. 69, par. 9; Jones Ill. Stats. Ann. 109.357] provides that bond need not be required "when, for good cause shown, the court is of the opinion that the injunction ought to be granted without bond."

The allegations of fact in the unanswered verified complaint and the accompanying affidavit of appellees were clearly sufficient to justify the issuance of the temporary injunction without motion and without bond, and it would serve no good purpose to repeat the allegations here. The statute is plain, and cases factually deficient for the issuance of an injunction, cited by the appellant, are not applicable here. So, too, the action of the court in requiring a $2,000 injunction bond from appellees to protect appellant from possible damages in the prosecution of the work, and the furnishing of such bond, justified the denial of the motion to dissolve the injunction.

No case is cited by appellant, and we know of none, where injunctive equitable relief may not be had in a pending action at law, where, as here, the relief was necessary before the action at law could probably be terminated. As the trial court stated in its opinion, quoting from *Stafford v. Swift,* 121 Ill. App. 508, appellant's "conduct in the matter as stated in the bill warranted the apprehension that if notified of the application for injunction he would delay the proceeding as far as lay in his power." The lease provided for any needed alterations and repairs which Ortscheid might see fit to make, and that is what he sought to do. The court did not abuse its discretion in granting the injunction without notice, and appellant is not in any position to claim it was granted without bond. There was no error in denying appellant's motion to dissolve the injunction. The order issuing the injunction and the order denying the motion to dissolve it, are affirmed.

*Affirmed.*