Terminal Railroad Association of St. Louis, Appellee,
v. International Association of Machinists et al.,
Appellants.

Term No. 47,020.

Opinion filed January 26, 1948. Released for publication February 26, 1948.

JOHN B. HARRIS, of Granite City, for appellants; BARTLEY & BARTLEY, of St. Louis, Mo., of counsel.

KRAMER, CAMPBELL, COSTELLO & WIECHERT, of East St. Louis, for appellee; WARNER FULLER, of St. Louis, Mo., of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

This is an appeal from an interlocutory order entered by the circuit court of Madison county denying the motion of International Association of Machinists et al., defendants appellants, hereinafter referred to as defendants, to dissolve the temporary injunction issued without notice by the court upon the application of Terminal Railroad Association of St. Louis, plaintiff appellee, hereinafter referred to as plaintiff. The motion to dissolve was based on the fact that no notice was given to the defendants by the plaintiff of its intention to apply for the injunction. Plaintiffs application for the injunction was granted upon the theory that the rights of the plaintiff would be unduly prejudiced if the injunction were not issued immediately and without notice to the defendants.

The plaintiff's complaint alleges in detail the extent of its operations as a common carrier in and around

St. Louis and its regulation by the Interstate Commerce Act and the Illinois Commerce Commission Act. The complaint further avers that the Granite City Steel Company is and for many years has been located on one of its lines; that the Granite City Steel Company employs about 2500 employees; that 94 per cent of these employees are affiliated with the Congress of Industrial Organization; that about 165 of its employees are members of the defendant association; that on or about March 24, 1947, a dispute arose between the local organization of machinists and Granite City Steel Company; that on April 22, 1947, the employees of Granite City Steel Company, members of defendant association, began a strike and commenced picketing said plant; that employees of said Granite City Steel Company who belong to the CIO have not discontinued their work; that during past few months plaintiff delivered 50 to 70 loaded cars to said plant daily and has taken a like number away; that plaintiff now has 104 loaded railroad cars for delivery to said plant and there are now in said plant 97 loaded cars ready to be taken out by plaintiff; that the tying up of these 200 freight cars will seriously interfere with the interstate commerce of the country; that on April 26, 1947, plaintiff was operating a locomotive engine on track number 49, Belt intending to pick up 38 loaded cars in said plant for delivery to other carriers and that as such locomotive approached Madison avenue the persons operating it noticed that the striking employees began to congregate on said track number 49, Belt on Madison avenue and when said locomotive attempted to cross it about 40 of the striking employees congregated on said track and prevented the locomotive from proceeding further; that plaintiff's employees in charge of the locomotive requested the striking employees to get off the track and permit the locomotive to proceed but were informed by the striking employees that they would not get off the track, that they

would not then, nor so long as the strike continued, permit the delivery of any railroad cars to the plant nor permit the plaintiff to take any cars from the plant and that they would permit themselves to be run over if necessary to accomplish their purpose.

The complaint further avers that plaintiff has not since said occurrence attempted to operate cars over said track number 49, Belt to said plant and the plaintiff has no other means of reaching said plant; that as a consequence the plaintiff has been prevented from performing its duties as a carrier and if it is not permitted to perform its duties the said plant will be compelled to close down and if the unlawful actions of the defendants are not restrained the plaintiff will suffer and sustain great and irreparable loss, injury and damage to its business and property and will be exposed to penalties imposed by law for its failure to perform its public duties and that the rights of the plaintiff will be unduly prejudiced if the injunction sought is not issued immediately and without notice.

The complaint was filed April 30, 1947, and a writ of injunction was issued that day, without notice to the defendants, upon plaintiff filing bond in amount of $10,000, restraining the defendants, from trespassing or congregating upon the property and tracks of the plaintiff and prohibiting them from interfering in any way with the transporting of railroad cars to or from the Granite City Steel Company.

On June 2, 1947, the defendants entered their special and limited appearance in court on a motion to dissolve the injunction and as grounds therefor alleged that it does not appear that the rights of the plaintiff would be unduly prejudiced if the injunction was not issued immediately or without notice. The court denied this motion June 30, 1947, and the defendants have appealed from this order under section 78 of the Civil Practice Act [Ill. Rev. Stats. 1947, ch. 110, par. 202; Jones Ill. Stats. Ann. 104.078].

It is the contention of the defendants that there was no justification for issuance of the injunction without notice in face of Section 3 of the Injunction Act [Ill. Rev. Stat. 1947, ch. 69, par. 3; Jones Ill. Stats. Ann. 109.351], which prohibits the issuance of an injunction without notice unless it appears that the rights of plaintiff will be unduly prejudiced if such injunction is not issued immediately or without notice.

The only point to be decided by this court is whether, or not, the circuit court was justified in holding the rights of the plaintiff would have been unduly prejudiced if the injunction had not been issued without notice.

▮ ▪ The plaintiff had certain duties to perform in its capacity as a common carrier which were imposed by law. The defendants were trespassers upon the property of the plaintiff and by their unlawful acts were preventing the plaintiff from discharging its duties to the public. Every minute, every hour and every day the delay continued the situation became more aggravated. This was not a labor dispute between the plaintiff and the defendants. The defendants were not employees of the plaintiff but employees of the Granite City Steel Company. The defendants had sought to make their strike more effective by obstructing railroad service to and from the plant of their employers. The means chosen by the defendants were contrary to law and in violation of par. 102, ch. 114, Ill. Rev. Stat. 1947 [Jones Ill. Stats. Ann. 114.186].

▮ As to whether an injunction shall issue without notice in any case depends upon the particular facts in any such case, and is within the sound discretion of the chancellor, which discretion courts of review will not interfere with unless the record shows an abuse of such discretion. (*Anderson v. Hultberg,* 117 Ill. App. 231; *Skelers v. Meyer,* 246 Ill. App. 18.) We are satisfied from an examination of the record in

this cause that it does not show an abuse of the discretion of the chancellor.

For the reasons stated the order of the circuit court of Madison county granting the injunction and the order overruling the motion to dissolve are affirmed.

*Affirmed.*

BARTLEY, P. J., and CULBERTSON, J., concur.