## Niels Esperson, Appellee, v. Arthur O. Fox and T. B. Wagner, Appellants.

### Gen. No. 19,096.

1. INJUNCTIONS—*against action at law.* Where the defendant in an action at law on a sealed instrument files a bill in equity showing fraud in respect to the consideration, prosecution of the action at law will be enjoined and the controversy decided in the chancery suit.

2. FRAUD—*contract under seal.* Fraud relating to the consideration of the contract is no defense in an action at law upon an instrument under seal.

3. PRACTICE—*service of notice in chancery on attorneys in action at law.* Where the summons in a bill in equity to restrain prosecution of an action at law is returned "not found," and the defendants are nonresidents and do not file their appearance, service of notice of application for such temporary restraining order, when served

on the attorneys of record for defendants in their action at law, satisfies all requirements of the statutes.

4.  INJUNCTIONS—*bond*.  Where no special damages can accrue from restraining an action at law other than those occasioned by mere delay, and recovery may be had in the chancery suit, the court does not abuse its discretion in ordering that temporary injunction issue without bond.

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding.  Heard in the Branch Appellate Court at the October term, 1912.  Affirmed.  Opinion filed January 28, 1913.

GREGORY, POPPENHUSEN & MCNAB, for appellants; EDWARD R. JOHNSTON, of counsel.

ZANE, MORSE, MCKINNEY & MCILVAINE, for appellee.

MR. JUSTICE F. A. SMITH delivered the opinion of the court.

This is an appeal from an order entered October 10, 1912, restraining appellants, until the further order of the court, from prosecuting a certain action at law then pending in the Circuit Court of Cook County against appellee.  The suit of Fox and Wagner against Esperson, further prosecution of which is enjoined by the order appealed from, was instituted May 28, 1912, for the recovery of the sum of $10,000 under a contract entered into between the parties to the suit, dated September 7, 1911.

From the bill it appears that appellant, Arthur O. Fox, is a resident of Madison, Wisconsin; appellant T. B. Wagner resides in New York City, and Niels Esperson, the complainant in the bill, is a resident of Houston, Texas.  The summons, issued pursuant to the prayer of the bill, was returned "Defendants not found in the County of Cook."  No appearance was entered by appellants in the chancery proceeding, and no steps were taken by them therein other than filing an appeal bond with the clerk of the circuit court.  It

appears from the record that written notice of the application for the restraining order was given to the attorneys of appellants of record in the action at law, and by the affidavit of John C. Lyons it appears that the notice was served by leaving a true and correct copy thereof with Mr. Conrad H. Poppenhusen at the office of Gregory, Poppenhusen & McNab, 1103 Title & Trust Building, Chicago, Illinois, before the hour of 4:00 P. M., on October 9, 1912.

The restraining order recites that the court heard and considered the sworn bill of complaint herein, and that it appeared to the court that the defendants, and each of them is not a resident of this county or state, and that notice of the application for this order had been given to the attorneys of record in the action at law then pending in that court.

The bill of complaint is very voluminous, and it would serve no useful purpose to set forth its averments in detail. It is sufficient for the purpose of this appeal to say that it sets up a contract of September 7, 1911, upon which the action at law is predicated, and that there was fraud in the agreement in respect to the consideration, and showing that if the averments are true the complainant is not indebted to Fox and Wagner, or either of them, for any amount under the contract of September 7, 1911.

Appellants urge that the court erred in entering the interlocutory order appealed from without requiring due notice to appellants of the time and place of the application. We are of the opinion that under the facts and circumstances shown by the record the notice, which was given, satisfied all the requirements of the statute. The subject-matter of the order, namely, the suit at law pending in Cook County, being within the charge and control of the attorneys of record in that action, the notice which was given to the attorneys of record, was entirely sufficient to justify the court in proceeding to the hearing of the motion for the injunction. Notice to the attorneys was notice to their cli-

ents. Coryell v. Klehm, 157 Ill. 462. The statute requires service of notice only on such of the defendants "as can conveniently be served," and the facts appearing in the bill show that the statute was better and more completely satisfied by the notice which was given, than it would have been by any other reasonable and convenient method. Section 3, chap. 69, Hurd's R. S. Illinois.

The complainant in the bill, according to the facts shown by the bill, was unable to make his defense in the action at law, and was in a situation that judgment by default would have been entered against him for $10,000 and interest in that case unless proceedings therein were enjoined. This appears clearly from the face of the bill, and it further appears that the judgment, if entered, would have been unjust. We, therefore, think that sufficient grounds appear for entering the temporary injunction order. Fraud relating to the consideration of a contract is no defense in an action at law brought upon a sealed instrument. McCoull v. Herzberg, 33 Ill. App. 542; Johnson v. Wilson, 33 Ill. App. 639; Papke v. Hammond Co., 192 Ill. 631; Robinson v. Yetter, 238 Ill. 320.

It is urged that the court erred in ordering that the injunction should issue without bond. We are of the opinion that under the facts and circumstances shown in the bill of complaint as to the nature of the relief sought, and situation of the parties, complainant and defendants, the court did not abuse its discretion in ordering that the injunction issue without bond. No special damages could result to appellants from restraining the prosecution of the action at law other than those occasioned by mere delay; for, if they are entitled to recover upon the contract sued on, the recovery may be had in this chancery proceeding, proper pleadings being filed as a basis for such recovery. If upon a sufficient showing an injunction bond should be required, the chancellor before whom the case is pending, may order a bond to be given upon such terms

and conditions as may be just and equitable. That is a matter still within the control of the chancellor, and we must assume that it will be properly exercised. (High on Injunctions, sec. 1620.)

The order is affirmed.

*Affirmed.*