## Finley Barrell, Appellant, v. Lake Forest Water Company, Appellee.

### Gen. No. 6,302.   (Not to be reported in full.)

Appeal from the Circuit Court of Lake county; the Hon. CLAIRE E. EDWARDS, Judge, presiding. Heard in this court at the April term, 1916. Reversed. Opinion filed August 10, 1916.

### Statement of the Case.

Bill by Finley Barrell, complainant, against Lake Forest Water Company, a public service corporation, defendant, to restrain it from shutting off the water on complainant's premises because of his failure and refusal to pay a bill rendered for water furnished in the months of July, August and September, 1913, alleged to greatly exceed the amount he had used in that period. From an order dissolving a temporary injunction, complainant appeals.

There was a prior hearing on a motion to dissolve this same injunction, in which the motion was allowed and appeal to this court by the water company. The order overruling the motion to dissolve was reversed and the court remanded the cause for another hearing on that motion. The opinion was reported (not in full) in 191 Ill. App. 269.

On reinstatement of the case, other affidavits were read covering the suggestions found in the opinion, and indicating a sharp controversy as to many material facts. The question before the trial court on this motion was whether the *status quo* should be maintained pending a final hearing.

FREDERICK SASS and A. F. BEAUBIEN, for appellant.

COOKE, POPE & POPE, for appellee.

Mr. Justice Carnes delivered the opinion of the court.

## Abstract of the Decision.

1. INJUNCTION, § 273*—*when temporary injunction dissolved.* Whether a temporary injunction should be dissolved or remain in force depends upon the evidence produced at the hearing of a motion to dissolve such injunction.

2. INJUNCTION, § 269*—*what is nature of hearing of motion to dissolve temporary injunction.* A hearing of a motion to dissolve a temporary injunction is not a hearing on the merits.

3. INJUNCTION, § 154*—*when status quo preserved.* Whether the *status quo* should be preserved by the continuance of a temporary injunction depends not only upon the probability of the case made on a hearing to dissolve such injunction, but also upon the relative injury that might be sustained by the parties, by the action of the chancellor in granting or refusing the motion contrary to what might be found on a final hearing to be the merits of the case.

4. INJUNCTION, § 154*—*when preliminary injunction not dissolved.* A preliminary injunction against the interference with the water supply of a customer of a water supply company because of the failure to pay bills will not be dissolved where a hearing on the merits is necessary under the bill, answer and affidavits in support and denial of the motion, as the continuance of the injunction would simply preserve the *status quo,* and the loss which the water company would sustain if the injunction was continued, would be small compared with that of the consumer if his water supply was cut off pending the hearing on the merits.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.