(No. 13936.—Decree affirmed.)

J. ROBERT SCHRODT *et al.* Appellants, *vs.* E. L. HOLSEN *et al.* Appellees.

*Opinion filed October 22, 1921.*

1. SCHOOLS—*community high school district may include territory which maintains high school.* Section 89a of the School law, enacted in 1919 for the organization of community high school districts, does not require that the territory embraced within a community high school district shall be non-high-school territory but such a district may include territory which already maintains a high school, provided the territory is contiguous and compact. (*People v. Woodward,* 285 Ill. 165, followed.)

2. SAME—*equity cannot determine regularity of organization of a school district by injunction against extension of tax—quo warranto.* Equity has no jurisdiction to determine the regularity of the organization of a community high school district by a suit to enjoin the extension or collection of a tax levied by the authorities of the district, as such proceeding is a collateral attack upon the corporate existence of the district and the law provides an adequate and exclusive remedy by *quo warranto.*

APPEAL from the Circuit Court of Wabash county; the Hon. JULIUS C. KERN, Judge, presiding.

E. B. GREEN, and T. G. RISLEY, for appellants.

S. J. GEE, CHAUNCEY S. CONGER, and GEORGE D. NEGLEY, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This appeal is prosecuted to review a decree of the circuit court of Wabash county sustaining the demurrer of appellees to the bill of appellants, by which appellants sought to enjoin the extension of a community high school tax against their lands, and dismissing the bill for want of equity.

The bill alleges that appellants are all owners of land and tax-payers in that part of Grayville Community High

School District No. 206 which lies in Wabash county; that
they filed the bill in behalf of themselves and all other land
owners and tax-payers in the same situation; that the city of
Grayville, having a population of more than 1000 inhabit-
ants, is included in the high school district and constitutes
a part of said district; that the city at the time of the sign-
ing and filing of the petition to organize said high school
district was, and for more than twenty years theretofore
had been, organized into a high school district, having
a high school building and affording and furnishing a
recognized four-year course of instruction for all high
school pupils in said city, being the same course of high
school instruction afforded and furnished to high school
pupils by the community high school district; that the only
non-high-school territory included in said district is that
which lies outside the corporate limits of the city; that the
petition filed with the superintendent of schools under the
provisions of section 89a of the School law for the purpose
of organizing the community high school district was not
signed by fifty or more qualified signers, for the reason that
thirty-three of the signers were at the time of the signing
inhabitants and residents of the city of Grayville and that
but twenty-seven signers of the petition were inhabitants
and residents of the non-high-school territory included in
the district; that the election called pursuant to the peti-
tion resulted in favor of the organization of the community
high school district and that a board of education was subse-
quently elected; that said board of education has levied a
tax on all lands and property in the community high school
district, and that at the time of the filing of the bill appel-
lee E. L. Holsen, as county clerk of Wabash county, was
about to extend such tax levy upon the tax books of the
county against the lands of appellants.

Appellants say: "The theory of the bill is that the
county superintendent of schools had no authority or juris-
diction upon the petition filed with him, under the provi-

sions of section 89*a* of the School law, to call the election, for the reason that the petition was not signed by at least fifty qualified signers, and that the election so called was illegal and void." Their argument is, that the city of Grayville already being a high school district having a high school building and a high school board of education, and affording and furnishing a full four-year high school course, could not legally be included in another high school district, for the reason that two or more high school districts cannot exist upon the same territory at the same time for exactly the same purpose; and further, that the territory included within the corporate limits of the city of Grayville was in non-high-school territory and could not lawfully be included in territory for the organization of a high school district, and that the inhabitants and residents of said city were not qualified signers of the petition, and that therefore the organization of the high school district was illegal and void and that the tax levied by the board of education of the district was illegal and void.

The questions presented for decision have all been decided by this court. Section 89*a* of the School law (Laws of 1919, p. 908,) does not require that the territory embraced within a community high school district shall be non-high-school territory. All that is required is that the territory shall be contiguous and compact. In *People* v. *Woodward,* 285 Ill. 165, we held that there was no constitutional objection to including in a new high school district territory which already maintained a high school. Equity has no jurisdiction to determine the regularity of the organization of this community high school district, nor has it jurisdiction to enjoin the collection of a tax levied by the authorities of the district, because that involves a collateral attack upon its corporate existence. The law provides an adequate remedy by *quo warranto,* and such remedy is exclusive. *Shriver* v. *Day,* 276 Ill. 403.

The decree of the circuit court is affirmed.

*Decree affirmed.*