---

(No. 14675.—Reversed and remanded.)
RUFUS O. BAIRD *et al.* Appellees, *vs.* COMMUNITY HIGH SCHOOL DISTRICT No. 168 *et al.* Appellants.

*Opinion filed October 21, 1922.*

1. INJUNCTION—*what must be alleged to obtain temporary injunction.* Where a bill prays for relief which the court has jurisdiction to grant upon a final hearing, although the complainant's right to the relief prayed is not absolutely certain the court may grant a preliminary injunction to maintain the *status quo* where irremediable injury will result from some threatened action before the right is determined, but it is essential that the bill make a *prima facie* case for final relief by alleging facts which, if proved and not controverted, will entitle the complainant to relief.

2. QUO WARRANTO—*an information must be against parties who are usurping the right—corporations.* Where it is sought to call in question the exercise of rights emanating from the people, the prosecution must not only be in the name of the people but it must be against the individuals charged with the usurpation, calling upon them to answer to the people by what authority they attempt to exercise the right, and an information against a corporation by

its corporate name to procure a forfeiture of its corporate franchise admits the existence of the corporation, and the corporate existence cannot in such proceeding be controverted.

3. SCHOOLS—*when bill against school district does not make a prima facie case to enjoin collection of tax.* A bill against a community high school district to enjoin the extension or collection of a tax does not make a *prima facie* case for a temporary injunction to maintain the *status quo* until the determination of a *quo warranto* proceeding challenging the legal existence of the district, as making the district the defendant admits the corporate existence; and the fact that the complainants had instituted the *quo warranto* proceeding is not evidence of anything.

4. SAME—*equity cannot determine legality of district by suit to enjoin extension or collection of tax.* A court of equity has no jurisdiction to determine the legality of the organization of a community high school district in a suit to enjoin the extension or collection of a tax by the officers of the district, as such question can be determined only in a direct proceeding in the name of the people, and until the determination of such proceeding the acts of the *de facto* officers, in the absence of fraud and so far as they affect third persons or the public, are as valid as those of officers *de jure.* (*Howard* v. *Burke,* 248 Ill. 224, followed.)

APPEAL from the Circuit Court of Pike county; the Hon. HARRY HIGBEE, Judge, presiding.

WILLIAM MUMFORD, STEVENS & HERNDON, and BARRY MUMFORD, for appellants.

WILLIAMS & WILLIAMS, for appellees.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Rufus O. Baird and a very large number of other persons, alleging that they were land owners and tax-payers within the limits of Community High School District No. 168 in Pike county, filed their bill of complaint in this case in the circuit court praying for a writ of injunction to be directed to said community high school district, the board of education of said community high school district and the county clerk, restraining them from extending or causing to be extended a tax for educational purposes on

or against the lands and personal property of the complain- ants. The defendants severally demurred to the bill, and the demurrers being overruled, they elected not to plead further, and a decree was entered enjoining and restraining them from levying or extending the tax until the further order of the court. From that decree this appeal was prosecuted.

The facts alleged as a basis for relief prayed for are as follows: On November 27, 1919, a petition was filed with the county superintendent of schools of Pike county praying for the organization of a community high school district comprising about fifty-four sections of land in four different townships. An election was held pursuant to the petition on December 13, 1919, and a majority of the votes cast at the election were in favor of the proposition. Returns of the election were certified to the county superintendent, who declared the community high school district duly organized, and designated it as Community High School District No. 168. Thereafter, on January 3, 1920, an election of a board of education was held in the district, and as a result of said election certain persons named in the bill were declared elected as such board and organized by the selection of a president and secretary. At the time of filing the bill the board of education consisted of persons therein named who were acting as such board. On February 5, 1920, the complainants caused to be instituted a proceeding in the nature of *quo warranto* in the circuit court challenging the organization of the district on various grounds, among which was that the territory was not compact and the district so great in area and extent and the public highways within the district of such a nature and the topography of the land of such a character that the school was practically inaccessible to many pupils residing in remote parts of the district, who were denied equal school advantages with children in other portions. The *quo warranto* proceeding was still pending and undetermined.

The bill alleged as a matter of law that the organization of the community high school district was illegal and invalid for the reason that the territory embraced within the limits of the district was not compact within the meaning and contemplation of the law under which the district was organized.

When a bill of complaint is presented to a court praying for relief which the court has jurisdiction to grant upon a final hearing, and facts are stated which *prima facie* give a right to such relief, the court may, and frequently should, grant a temporary injunction where the effect will be no more than the mere maintenance of the *status quo.* It is not sufficient ground for refusing a preliminary injunction that it is not absolutely certain the complainant has the right he claims, and where irremediable injury will result from some threatened action there may be a preliminary injunction to maintain the status until the right shall be determined at law. (*Shaw* v. *Hill,* 67 Ill. 455.) It is essential that the bill should make a *prima facie* case for final relief by alleging facts which, if proved and not controverted, will entitle the complainant to the relief prayed for. The bill in this case does not present a situation which comes within the rules stated.

The bill sets forth a proceeding for the organization of the community high school district and an election of a board of education and makes the district and the board of education defendants. They appeared and demurred in that capacity, and for the purposes of this suit the corporate existence was admitted. Where it is sought to call in question the exercise of rights emanating from the people, the prosecution must not only be in the name of the people but it must be against the individuals charged with the usurpation. They are the only proper defendants and the proceeding is against them, calling upon them to answer to the people by what authority they attempt to exercise the right. (*Chesshire* v. *People,* 116 Ill. 493.) Even in a proceeding

304–34

in the nature of *quo warranto* the information against a corporation by its corporate name to procure a forfeiture of its corporate franchise admits the existence of the corporation, and the corporate existence cannot in such a proceeding be controverted. (*People* v. *City of Spring Valley,* 129 Ill. 169; *North and South Rolling Stock Co.* v. *People,* 147 id. 234; *Distilling and Cattle Feeding Co.* v. *People,* 156 id. 448; *People* v. *City of Peoria,* 166 id. 517; *People* v. *Central Union Telephone Co.* 192 id. 307; *People* v. *Anderson,* 239 id. 266; *People* v. *Strawn,* 265 id. 292.) The bill alleged that the complainants had caused to be instituted a proceeding in the nature of *quo warranto* challenging the legal existence of the district but in this case admitted the corporate existence. The bill therefore did not state a *prima facie* case for relief upon a final hearing, and the averments merely amounted to saying that the complainants had caused to be brought a proceeding in the nature of *quo warranto.*

The court of equity had no jurisdiction to determine whether the facts alleged in the bill rendered the organization of the district illegal. That could only be determined in a direct proceeding in the name of the people for that purpose, which is both adequate and exclusive. (*Osborn* v. *People,* 103 Ill. 224; *Keigwin* v. *Drainage Comrs.* 115 id. 347; *Shriver* v. *Day,* 276 id. 403.) Equity has no jurisdiction to determine the regularity of the organization of a community high school district by a suit to enjoin the extension or collection of a tax, as such proceeding is a collateral attack upon the corporate existence of the district. Where the board of education of a district has levied a tax, the question whether the district has been legally organized or whether the board of education is a board *de jure* cannot be inquired into in a proceeding to enjoin the tax. (*Schrodt* v. *Holsen,* 299 Ill. 247.) The information in *quo warranto* merely called upon the defendants thereto to answer by what right they claimed to exercise

the corporate franchise, and the fact that such a proceeding had been instituted was not evidence of anything.

By the averments of the bill the community high school district was a district *de facto.* There was a law under which such a district could be organized and a proceeding under that law for such organization. The law authorized the election of a board of education for such a district, and the bill alleged such an election and that the board elected was at the time the levy was made in actual possession of the office and exercising its powers and functions. In the absence of fraud the acts of officers *de facto,* so far as they affect third persons or the public, are as valid as those of officers *de jure.* Courts of equity will not enjoin such officers or boards from the performance of the functions of their office merely because they are not officers or boards *de jure. Schofield* v. *Watkins,* 22 Ill. 66; *Metz* v. *Anderson,* 23 id. 463; *Moore* v. *Hoisington,* 31 id. 243; *Union Trust Co.* v. *Weber,* 96 id. 346; *Burgess* v. *Davis,* 138 id. 578.

Inasmuch as the regularity of the organization of the community high school district could not be inquired into in the suit to enjoin the tax and the district and board of education had a *de facto* existence, if the complainants should be finally successful in the *quo warranto* proceedings instituted at their instance the tax levied by the board of education could not be enjoined in equity and they would be left to such other remedy as they might have. The general rule as to interference by courts of equity with the official acts of *de facto* officers was not only declared in *Howard* v. *Burke,* 248 Ill. 224, but in that case a judgment of ouster had been entered against the members of the board in a *quo warranto* proceeding after the tax was levied and before filing of the bill to restrain the collection of the tax. The circuit court had granted a temporary injunction to restrain the collection of taxes levied by the board and upon a final hearing dissolved the injunction and

dismissed the bill. It was decided by this court that the decree was correct and it was affirmed.

The court erred in overruling the demurrers and entering the decree. The decree is reversed and the cause remanded, with directions to dismiss the bill for want of equity.

*Reversed and remanded, with directions.*

---

(No. 14476.—Reversed and remanded.)
CALLAGHAN & Co., Appellant, *vs.* BURDETTE J. SMITH *et al.* Appellees.

*Opinion filed October 21, 1922.*