(No. 15158.—Decree affirmed.)

. A. J. BROWN *et al.* Appellants, *vs.* H. L. FOUTS *et al.* Appellees.

*Opinion filed February 21, 1923—Rehearing denied April 11, 1923.*

1. SCHOOLS—*when equity will not enjoin collection of a school tax.* Equity does not have jurisdiction to determine the regularity of the organization of a high school district, nor does it have jurisdiction to enjoin the collection of a tax levied by the district, as such a proceeding is a collateral attack upon the corporate existence of the district.

2. EQUITY—*when equity will not enjoin performance of official duty.* Where officers are acting under color of authority and are clearly officers *de facto,* a court of equity will not enjoin them from a performance of their duties because they are not officers *de jure.*

APPEAL from the Circuit Court of Fulton county; the Hon. GEORGE C. HILLYER, Judge, presiding.

M. P. RICE, and MARVIN T. ROBISON, for appellants.

FLOYD F. PUTMAN, State's Attorney, HARVEY H. ATHERTON, and GLENN RATCLIFF, for appellees.

Mr. CHIEF JUSTICE THOMPSON delivered the opinion of the court:

This appeal is prosecuted to review a decree of the circuit court of Fulton county dismissing for want of equity a bill by which appellants sought to enjoin the collection of a community high school district tax.

All of the questions presented on this record have been fully considered in cases heretofore decided by this court. The sole ground urged for enjoining the collection of the tax is that Vermont Community High School District No. 281 is not legally organized. Equity does not have jurisdiction to determine the regularity of the organization of a high school district, nor does it have jurisdiction to enjoin the collection of a tax levied by the authorities of the district, because that involves a collateral attack upon its corporate existence. (*Schrodt* v. *Holsen,* 299 Ill. 247; *Baird* v. *Community High School District,* 304 id. 526.) The allegations of the bill show that there was an attempt to organize a school district under a law authorizing such an organization, and that the persons who levied the tax were acting as the board of education for the district thus attempted to be organized. They were acting under color of authority and were clearly officers *de facto.* A court of equity will not enjoin such officers from a performance of the functions of their office merely because they are not officers *de jure. Munson* v. *Minor,* 22 Ill. 595; *Metz* v. *Anderson,* 23 id. 463; *Howard* v. *Burke,* 248 id. 224; *Baird* v. *Community High School District, supra.*

The decree of the circuit court is affirmed.

*Decree affirmed.*