Atkinson Trust & Savings Bank, Appellee, v. Herbert R. DeRoo, Appellant. Edward DeReu and Village of Atkinson, Defendants.

Gen. No. 10,154.

Opinion filed September 26, 1947. Released for publication October 20, 1947.

SHAW & CHAMBERLAIN, of Geneseo, for appellant.

ROBERT H. WHITE, of Geneseo, for appellee.

MR. JUSTICE DOVE delivered the opinion of the court.

The complaint in this case alleged, among other things, that the Farmers State Bank of Atkinson was on July 1, 1913, the owner of a certain described tract of land in that village and commenced the erection of a building thereon and in the summer of that year it and the owners of the real estate immediately south and east of the real estate belonging to the bank entered into an agreement whereby a septic tank was constructed on the land immediately south of the bank premises for the mutual use of the bank and the owner of the land upon which the septic tank was constructed; that a tile drain approximately eight inches in diameter was connected to the septic tank and was placed under ground running north under the bank building to the south line of Main street and that with the consent of the village and the owners of other properties directly north of the bank premises this tile drain was continued north under Main street and through their properties and a connection was made to the village sewer running east and west one block away; that there was no public sewer running along Main street to which said tile drain might be connected and that this tile drain was constructed and has been maintained as a private drain at the expense of the bank; that on October 26, 1927, the plaintiff in this proceeding acquired title to all of the property owned by the Farmers State Bank, including the described real estate and since that date has been doing business on such location as a banking corporation and has maintained the tile drain at its own expense.

The complaint then alleged that the defendants, Edward DeReu and Herbert R. DeRoo laid a tile drain from a lot lying 60 feet west of plaintiff's real estate to the south line of Main street and have secured the permission of the Village of Atkinson to lay a tile drain or sewer in an easterly direction along the south line of Main street to the point where plaintiff's drain goes under Main street and that they plan and in-

tend to connect their tile drain to that of the plaintiff without the consent of the plaintiff, knowing it to be the private drain of the plaintiff.

The complaint further alleges that during the years in which the plaintiff's drain has been in existence several of the owners of the lots through which the drain runs have connected outlets from their property to the drain of the plaintiff without the knowledge or consent of the plaintiff or of plaintiff's predecessor and that at present there are approximately eight dwellings or buildings so connected. The complaint then charges that any further connection to said drain by said defendants would overload the drain and cause irreparable damage thereto and to the plaintiff and that for defendants to connect their drain thereto without the consent of the plaintiff would be a violation of Ill. Rev. Stat. 1945, ch. 42, sec. 2, par. 194 [Jones Ill. Stats. Ann. 42.290]. The prayer of the complaint was for a preliminary and permanent injunction restraining Edward DeReu and Herbert R. DeRoo from connecting any drain or sewer to the drain owned and maintained by the plaintiff and restraining the village from granting any one permission or authority to connect to the drain of the plaintiff.

The complaint was verified and was accompanied by a motion for a temporary injunction which was supported by an affidavit of Thomas F. Nowers, cashier of the plaintiff. This affidavit stated that affiant was 62 years of age and had been connected with the plaintiff and its predecessor bank for 39 years and was its cashier; that the defendants, Edward DeReu and Herbert R. DeRoo, were, on Saturday, November 23, 1946, in the process of laying the drain along the south line of Main street towards the plaintiff's drain and that some time on Monday, November 25 they will make a connection to the plaintiff's drain at a point where it intersects the south line of Main street; that im-

mediately after the connection is made these defendants will begin using said drain so that an increased load will be placed thereon and great damage will result therefrom before a temporary injunction could be issued should the plaintiff be required to give notice of a hearing. The complaint was filed on November 25 and on that day a preliminary injunction was issued without notice and without bond restraining Edward DeReu and Herbert R. DeRoo from connecting any drain or sewer to this drain of the plaintiff. On December 4, 1946, all of the defendants entered their motion to vacate the order of November 25, 1946, and dissolve the temporary injunction. Upon a hearing this motion was denied and Herbert R. DeRoo appeals.

The motion to vacate the order granting a temporary injunction and to dissolve the preliminary writ states, (1) that the complaint does not set forth a cause of action; (2) that the complaint and affidavit do not set forth grounds for the equitable relief prayed for; (3) that the temporary injunction was issued without notice and (4) that it was improperly issued without bond.

In support of the first and second grounds of this motion counsel for appellant insist that inasmuch as the village of Atkinson, under our statute, has the power to regulate the use and construction of drains, sewers and cesspools, it necessarily follows that it has the power to authorize its residents to connect to a drain privately laid in village streets where such drain eventually forms part of the village sewage system. The answer to this contention is that it nowhere appears that this private sewer is an integral part of the public sewer system of the village or that the municipality has ever exercised any control over it or granted appellant any right in connection therewith. The law, as stated in 44 C. J. 1088, § 4006 is that a private drain or sewer constructed by an individual in a public

street, with the consent of the municipality is the private property of the individual and he has the right to the exclusive use of it unless the municipality has reserved the right to use it.

In *Boyden v. Walkley,* 113 Mich. 609, 71 N. W. 1099, it was held that the city of Grand Haven could grant to a citizen the right to construct a private sewer in a street at his own expense and which, when constructed, may be used by him without interference by other citizens and in that case the court sustained a decree enjoining an abutting owner from connecting with or using such sewer. The pleadings in this case admit that this is a private drain constructed and maintained by the plaintiff with the consent of the village. The record comes to us upon an appeal from an interlocutory order, the effect of which is to maintain and preserve the plaintiff's asserted rights until the cause can be disposed of on its merits. Facts are stated in this complaint, which, prima facie, give the plaintiff a right to the relief sought and under these circumstances the status quo should be preserved. *Baird v. Community High School Dist. No. 168,* 304 Ill. 526.

Counsel for appellant further contends that the only damage plaintiff alleges it will suffer is that, as a result of the proposed connection, the drain would be overloaded and counsel insists that this statement is merely the conclusion of the pleader. The complaint, however, alleges and the motion to dissolve admits that this tile drain is eight inches in diameter and the further fact that eight buildings or houses are already connected with this privately constructed drain.

It is finally insisted that the temporary injunction was improperly issued without notice and without bond. It appears from the complaint and the affidavit filed in support of the motion for a temporary injunction that on Saturday, November 23, some of the de-

fendants were in the process of laying a drain along the south side of Main street and that on the Monday following, they would make a connection to the plaintiff's drain. Under such circumstances it is well settled that a preliminary injunction may issue without notice.

██ ██ The purpose of requiring a bond of the plaintiff is to assure to the defendant in the event the temporary injunction is later dissolved and damages for the unlawful suing out of the injunction are assessed against the plaintiff, that those damages will be paid. We do not feel that in this case the chancellor abused his discretion in granting the writ without bond. Here the plaintiff is a banking corporation doing a commercial banking business under the laws of this state, furthermore in the very recent case of *Schaumburg v. Lindsay,* 329 Ill. App. 190, 67 N. E. (2d) 409, this court held that by filing a motion to dissolve the preliminary injunction, challenging the sufficiency of the allegations of the complaint, the defendants waived any irregularity in regard to notice and the failure of the court to require the plaintiffs to give a bond.

██ In our opinion the allegations of the complaint did state a cause of action and the facts alleged in the complaint and in the affidavit in support of the motion for a temporary injunction were sufficient to authorize the issuance of a temporary injunction without notice and without bond. The order appealed from will therefore be affirmed.

*Order affirmed.*