Harold Shlensky and Max Shlensky, Plaintiffs-Appellees, v. South Parkway Building Corporation et al., Defendants-Appellants.

Gen. No. 46,058.

Opinion filed May 11, 1953. Released for publication June 16, 1953.

SONNENSCHEIN, BERKSON, LAUTMANN, LEVINSON & MORSE, and MILLIKEN, VOLLERS & PARSONS, all of Chicago, for appellants; FRANK C. BERNARD, EDWARD L. VOLLERS, and EDWIN A. ROTHCHILD, all of Chicago, of counsel.

McADAMS & KIRBY, of Chicago, for appellees; WILLIAM T. KIRBY, of Chicago, of counsel.

MR. JUSTICE BURKE delivered the opinion of the court.

On May 27, 1952, Harold Shlensky and Max Shlensky filed a complaint in chancery against South Parkway Building Corporation, Aleck L. Bernstein, Harry M. Englestein, Robert W. Mackie, Louis R. Peyla and

Harold Townsend. Plaintiffs hold 236 out of 17,773 outstanding shares of the building corporation, which owns a building on the southwest corner of South Parkway Boulevard and 47th Street in Chicago. One of the principal tenants is South Center Department Store, of which defendant Englestein is president and defendant Mackie is secretary. Alleging domination of the building corporation by Englestein, the plaintiffs complain of various transactions between that corporation and corporations allegedly controlled by Englestein, principally the department store. In addition to generalized charges of fraud and oppression, specific complaint is made of a 1948 amendment of the store lease; a purchase by the building corporation in 1948 of store fixtures; a clause in the store lease relative to Englestein; a renewal of the lease of a store subsidiary; alterations of the premises in 1947 and subordination of the lease in 1948; the purchase early in 1949 of a lot in the vicinity of the building; and the payment of management commissions. Plaintiffs pray for corporation liquidation, an accounting and the appointment of a receiver.

On June 16, 1952, a verified answer was filed by Bernstein and Peyla denying the material allegations of the complaint and the charges of wrongdoing. It sets forth the circumstances surrounding the transactions mentioned in the complaint. It alleges that the transactions were fully disclosed to the stockholders at the time of their occurrence; that the principal charges are a reiteration of charges made by plaintiff Max Shlensky in a letter which he sent to the stockholders seeking proxies in January, 1949; and that after full disclosure and despite the charges, the stockholders approved and ratified all the acts of the directors. The answer further alleges that one of the plaintiffs acquired all of his shares, and the other a substantial portion of the shares, after the occurrence of the trans-

actions complained of; that both plaintiffs received and accepted regular dividends; and that they have delayed more than three years in seeking to redress the alleged wrongs. A reply filed by plaintiffs on August 4, 1952, denies the affirmative allegations of the answer. It does not deny allegations relating to plaintiff's acquisition of stock or the circulation of Max Shlensky's letter of January 1949. The answer was adopted by all defendants on August 27, 1952.

On January 22, 1953, the building corporation notified its stockholders of the annual stockholders' meeting, to be held on February 3, 1953, in accordance with the by-laws. The communication to the stockholders consisted of a letter from the president, with financial statements attached, a formal notice of the meeting and a form of proxy. The letter advised the shareholders that proxies were being solicited for the re-election of the present directors, the five individual defendants. The letter also stated:

"Since the last annual report to Shareholders, there have been no important changes in the occupancy of the building, except the department store space. This Corporation has leased the space formerly occupied by South Center Department Store, an Illinois corporation, to Meadows Mercantile Corp., which has purchased the business of the former tenant. An agreement was made between South Parkway Building Corporation and South Center Department Store, an Illinois corporation, by the terms of which certain sums are payable by the Building Corporation to the former tenant which are partly contingent upon the operations by the new lessee. This was done in order to partially compensate South Center Department Store, a corporation, for the cancellation of its lease and for taking on certain obligations to Meadows Mercantile Corp., in order to make possible the completion of the transaction."

The notice stated the purposes of the meeting to be the election of directors, the approval and ratification of the acts of directors and officers since the last annual meeting, and the transaction of such other business as may be properly brought before the meeting. The proxy form authorized the voting of shares for the same purpose as stated in the notice.

On February 2, 1953, plaintiffs presented their petition to restrain the defendants from voting the proxies solicited in the letter of January 22, 1953. The petition alleges the sending to shareholders of the letter and notice of January 22, 1953, and the proxy form, all of which are attached as exhibits. It also incorporates by reference the allegations of the complaint. In the petition plaintiffs assert that the communication to the shareholders did not constitute a sufficient disclosure to enable the shareholders to ratify the acts of the directors, that the defendants should have told the shareholders about plaintiffs' lawsuit, and should have recited more details about the change in the department store tenancy. The petition also asserts that the voting of proxies would tend to deprive the court of jurisdiction of the pending controversy. The court without hearing evidence entered an order on February 2, 1953, *nunc pro tunc* as of the preceding day, restraining the defendants and their agents from using the proxies solicited for the purpose of electing the nominees for directors "who are now directors," approving and ratifying the acts and proceedings of the Board of Directors and officers since the last annual meeting, and the transaction of any other business until February 17, 1953, at 11:00 a. m. Defendants appealed. On application of the latter and following a hearing, this court stayed the force and effect of the interlocutory order.

The issues raised by the pleadings relate to the exercise of business judgment in transactions in-

volving long-term leases and the purchase and sale of assets. The chancellor could not resolve the issues without evidence. The petition on which the court acted in setting out matters which arose after the original pleadings were filed, serves the office of a supplemental complaint. Sec. 39 of the Civil Practice Act, ch. 110 [§ 163], Ill. Rev. Stat. 1951 [Jones Ill. Stats. Ann. 104.039]. It is not alleged in either pleading that the corporation is insolvent or in any danger of insolvency. The only allegations of fact in the petition are that the communications were sent to the shareholders. Plaintiffs do not aver that a more detailed disclosure would have revealed any wrongdoing by the directors or officers since the last annual meeting. No improper conduct during the past year is charged to any defendant. The petition which claims insufficiency of disclosure to the shareholders does not say that there was any wrongdoing to disclose. The sufficiency of disclosure is only one element to be considered when inquiry is made into the propriety of a transaction. The directors are not bound to disclose to the shareholders every detail of every business transaction engaged in by the corporation during the year. The court could not act on the conclusion of the pleader that there was insufficient disclosure without a statement of the surrounding facts. No shareholder was under any compulsion to execute a proxy. It must be presumed that those shareholders who gave proxies in response to the letter of January 22, 1953, were satisfied with the disclosure of the facts contained in the letter.

 Plaintiffs maintain that the record sufficiently showed facts justifying the court to order a delay in voting proxies secured without full disclosure; that since the record before the court showed that the transaction involved in the main case and in the notice of the 1953 meeting, were transactions where the building corporation had been controlled by the officers who

were also the opposing party to the transactions, those transactions were constructively fraudulent without need of further proof; that the restraining order was necessary to protect their legitimate rights; that substantial injury to their rights would have resulted from allowing ratification of the directors' doings; and that they acted in good faith throughout. We cannot agree with these contentions. A perusal of the answer satisfies us that the issues cannot be resolved without the hearing of testimony. The answer denies that the corporation suffered any loss from the transactions or that any of the defendants were guilty of overreaching. Injunctions against shareholders' meetings and voting are granted sparingly and only in case of urgent necessity. We are convinced that the chancellor erred in entering the order for a temporary injunction, and it is therefore reversed.

*Order reversed.*

Friend, P. J. and Niemeyer, J., concur.