**Florence Weingart, Appellee, v. Betty Weingart, et al.,
On Appeal of Betty Weingart, Rose Weingart, Marion Weingart and Louis Weingart, Appellants.**

**Gen. No. 47,645.**

First District, Third Division.

October 14, 1959.

Released for publication November 12, 1959.

154

155

Irving S. Berman and Harold Rivkin, of Chicago, for defendants-appellants.

Leon N. Miller and Frank O. Hilburn, of Chicago (Russell G. Miller, of counsel) for plaintiff-appellee.

PRESIDING JUSTICE BRYANT delivered the opinion of the court.

This is an interlocutory appeal from an order entered on October 10, 1958, granting a temporary injunction without bond restraining defendants-appellants from:

"(a) Conveying, transferring, mortgaging, hypothecating, disposing or otherwise 'intermeddling' with a parcel of real estate known as 2814 Farragut Avenue, Chicago, Illinois;

"(b) Transferring, disposing or otherwise 'intermeddling' with the proceeds of the sale of the real estate known as 2605 West Division Street, Chicago, Illinois;

"(c) Disposing, transferring or otherwise 'intermeddling' with the proceeds of the sale of the assets of Weingart Book Store Inc., a corporation, and the operation of its business;

"(d) Disposing, transferring, conveying or otherwise 'intermeddling' with the assets of the Estates of Hannah Weingart and Ben Weingart, deceased;

"(e) Transferring, assigning, hypothecating, disposing or otherwise 'intermeddling' with any United States Savings Bonds in the name of the plaintiff or

in some other name or names but purchased with the proceeds of the operation and sale of the Weingart Book Store, Inc., and the rents, issues, profits and avails from the real estate herein involved;

"(f) Transferring and assigning property belonging to the plaintiff or in which the plaintiff has an interest."

Defendants-appellants are three sisters and a brother of plaintiff-appellee. As indicated by the order itself, plaintiff is the joint owner with some of the defendants of a parcel of real estate known as 2814 Farragut Avenue, Chicago, Illinois, which is occupied by plaintiff and some defendants as a home, and was the joint owner with some of defendants of the premises at 2605 West Division Street, Chicago, Illinois, which has been sold. Both of these pieces of real estate were held in trust, and the trustee is empowered to act in regard to them on the direction of less than all of the beneficiaries. Plaintiff also has an interest in the proceeds of the sale of the Weingart Book Store, Inc., a corporation. She has already received some of the proceeds. Plaintiff and defendants are heirs in the Estates of Hanna Weingart and Ben Weingart, both deceased. It is alleged that defendants, or some of them, have in their custody United States Savings Bonds in the name of the plaintiff, or some other names, which rightfully belong to plaintiff.

The principal cause of action here is a suit for an accounting involving the operation of the premises at 2814 Farragut Avenue, the operation of the premises at 2605 West Division Street, and the proceeds of the sale of the real estate, the operation of the business of the Weingart Book Store, Inc., and the sale of its business, the alleged interest of plaintiff in the Estates of Hannah Weingart and Ben Weingart, both deceased, and the alleged interest of plaintiff in certain United States Savings Bonds.

157

Plaintiff argues that this cause of action is a proper one for equitable jurisdiction, that the injunction is for maintaining the status quo during the proceeding. This injunction was issued without the requirement of bond, but it was issued pursuant to notice served upon all of the parties, and after answer and a hearing in open court. The question here is whether the issuance of the injunction was an abuse of discretion by the trial court.

 The rule in regard to the power of the reviewing court to pass upon the discretion of the chancellor who issued a temporary injunction is well set out in Aurora v. Warner Bros. Pictures Dist. Corp., 16 Ill.App.2d 273, at 285 as follows:

"The law is well settled in Illinois that the trial court is vested with large discretionary power in granting an order for a temporary injunction and unless the reviewing court finds that the discretion has been abused the order will not be set aside."

The effect of Section 78 of the Civil Practice Act in regard to such appeals is set forth in O'Brien v. Matual, 14 Ill.App.2d 173, at 186, as follows:

"The primary purpose of Section 78 of the Civil Practice Act (Ch. 110, Ill. Rev. Stats. 1955, Par. 78) relating to appeals to the Appellate Court from interlocutory orders concerning injunctions is to permit a review of the exercise of the discretion lodged in the chancellor in order to determine whether the interlocutory order probably was necessary to maintain the status quo and preserve the equitable rights of the parties; and unless the Appellate Court finds that the chancellor's discretion has been abused the interlocutory order will not be reversed or set aside; McDougall Co. v. Woods (1928) 247 Ill. App. 170; Bernard Brothers, Inc. v. Deibler (1945) 326 Ill. App. 538; Baldassano v. Accettura (1949) 336 Ill. App. 445; Gilliam v.

661 Sheridan Apts., Inc. (1953) 1 Ill.App.2d 11; Arends v. Naughton (1956) 11 Ill.App.2d 227."

The matter is again discussed in Simpkins v. Maras, 17 Ill.App.2d 238, at 249:

"The granting of a temporary injunction rests largely in the discretion of the trial court . . . and a temporary injunction should not be refused merely because the court may not be absolutely certain that plaintiff or counterclaimant has the right he claims. O'Brien v. Matual, 14 Ill.App.2d 173. An application for an injunction is addressed to the conscience and sound discretion of the court, and it is not controlled by technical legal rules, and unless a reviewing court finds that the discretion has been abused, the order will not be set aside."

In essence the complaint and supplemental complaint in this cause of action set forth that plaintiff was a joint owner with defendants of certain properties, that defendants had managed and operated those properties and had collected rents and other income and had not accounted to plaintiff for the monies collected or the disposition of the monies. They further alleged that plaintiff requested defendants to give her an accounting and none had been given. The supplemental complaint alleged that in one case one of the pieces of property had been sold without the plaintiff's consent by a trustee, upon the authority of the defendants or some of them, and that there was a danger of the sale of another piece of property in the same manner. The complaint clearly alleges a cause of action for accounting and some reasonable cause for all the property being held intact until the facts in the complaint are determined. There is no showing or intimation of any reason why the properties in which plaintiff had an interest should not be held in status quo. In

159

Malnick v. Rosenthal, 313 Ill. App. 249, at 254, the court held:

"It is fundamental that to entitle a plaintiff to relief by way of temporary injunction, his complaint must allege facts which prima facie give him the right to the relief prayed for on a final hearing. 'It is essential that the bill should make a prima facie case for relief by alleging facts which, if proved and not controverted, will entitle the complainant to the relief prayed for.' Baird v. Community High School Dist. No. 168, 304 Ill. 526."

In Baird v. Community High School Dist. No. 168, 304 Ill. 526, at 529, the court further discussed the kind of a bill which had to be filed in order to warrant the granting of the temporary injunction, and the granting of a temporary injunction where the purpose was for the maintenance of the status quo. It is said:

"When a bill of complaint is presented to a court praying for relief which the court has jurisdiction to grant upon a final hearing, and facts are stated which *prima facie* give a right to such relief, the court may, and frequently should, grant a temporary injunction where the effect will be no more than the mere maintenance of the *status quo*. It is not sufficient ground for refusing a preliminary injunction that it is not absolutely certain the complainant has the right he claims, and where irremediable injury will result from some threatened action there may be a preliminary injunction to maintain the status until the right shall be determined at law. (Shaw v. Hill, 67 Ill 455) It is essential that the bill should make a *prima facie* case for final relief by alleging facts which, if proved and not controverted, will entitle the complainant to the relief prayed for."

In the case of Scholz v. Barbee, 344 Ill. App. 630, at 638, the court said:

160

"As to the question whether or not the complaint must state a cause of action before a temporary injunction may issue, it has been said that the question presented is not whether the complaint is not demurrable, but does it prima facie state a cause of action. If it does, then the court in its discretion to keep the matter in status quo may issue the temporary injunction. (Edelman Bros., Inc. v. Baikoff, 277 Ill. App. 432.)"

That the maintenance of the status quo is a sufficient reason for the exercise of the discretion by the chancellor in granting a temporary injunction is discussed in Fishwick v. Lewis, 258 Ill. App. 402, at 409:

"A motion to dissolve a temporary injunction is not necessarily a hearing on the merits, but presents the question whether it is advisable to preserve the *status quo* of the matters in controversy by a continuance of the temporary injunction until a final hearing on the merits of the case. Whether the *status quo* should be preserved until the final hearing depends not only upon the probability that a case will be made out on a final hearing, but also upon the relative injury that might be sustained by the parties by the action of the chancellor in granting or refusing the motion. Barrell v. Lake Forest Water Co., 200 Ill. App. 529; Russell v. Farley, 105 U. S. 433; Kerr on Injunctions, 209, 210. Where the sole object for the temporary injunction is sought is the preservation of a fund in controversy or the maintenance of the *status quo* until the question of the right between the parties can be decided on final hearing, the injunction is properly allowed or maintained even where there may be a serious doubt as to the ultimate success of the complaint."

In Northern Illinois Coal Corp. v. Langmeyer, 340 Ill. App. 423, at 429, the court said:

161

"Thus the instant complaint comes within the type governed by the fundamental rule pertaining to the granting of temporary injunctions, namely, that the purpose of a temporary injunction or restraining order is the preservation of the status quo."

That position was reaffirmed in the case of Aurora v. Warner Bros. Pictures Dist. Corp., 16 Ill.App.2d 273 at 284 where the court said:

"The primary purpose of a temporary injunction is to preserve matters in status quo until the court has had an opportunity to consider the case on its merits and the showing on the pleading to obtain a temporary writ is less than that required to obtain a final and permanent injunction. Accordingly the city of Aurora was not required to make out a case which would, in all events, warrant relief at a final hearing. Plaintiff was required only to show prima facie a fair question as to the existence of the injunction relief claimed and circumstances leading to a belief that plaintiff probably would be entitled to relief, if the proof sustained the allegations, and to satisfy the court that matters should be preserved in status quo until the case could be disposed of on its merits. O'Brien v. Matual, 14 Ill. App.2d 173, 186."

In our particular case the injunction was entered after notice, but the court waived the bond. In Scholz v. Barbee, 344 Ill. App. 630, at page 641, the court said:

"Appellants urge that the court had no power to issue the injunction without bond. This also is a matter of the chancellor's sound discretion, and under the peculiar and complicated facts in this case we do not think he abused his discretion in issuing the injunction without bond."

In Atkinson Trust & Savings Bank v. DeRoo, 332 Ill. App. 251, at 257, the court said:

"The purpose of requiring a bond of the plaintiff is to assure to the defendant in the event the temporary injunction is later dissolved and damages for the unlawful suing out of the injunction are assessed against the plaintiff, that those damages will be paid. We do not feel that in this case the chancellor abused his discretion in granting the writ without bond. Here the plaintiff is a banking corporation doing a commercial banking business under the laws of this state . . . ."

The idea of financial responsibility is further discussed in Skelers v. Meyer, 246 Ill. App. 18, at 21:
"The same is true with reference to the issuance of the injunction without bond. The only result of the injunction is to deprive the defendants of the use of certain space in their new building in direct violation of the covenants of the lease. We can see no good purpose which would be served by requiring complainants to file a bond, especially as they have already put up a cash deposit of $1,800 with the lessor's attorney. Requirement of a bond is largely within the discretion of the chancellor, and his order in this respect will not be disturbed unless there is a clear showing of an abuse of discretion. City of Kewanee v. Otley, 204 Ill. 402; New Ohio Washed Coal Co. v. Coal Belt Ry. Co., 116 Ill. App. 153; Young v. Federal Union Surety Co., 183 Ill. App. 278; West Side Hospital of Chicago v. Steele, 124 Ill. App. 534."

In an old case, Esperson v. Fox, 177 Ill. App. 141, at 144, the court said:
· "We are of the opinion that under the facts and circumstances shown in the bill of complaint as to the nature of the relief sought, and situation of the parties, complainant and defendants, the court did not abuse its discretion in ordering that the injunction issue without bond."

163

It seems that that language is exactly applicable to our instant case.

■ The appellees urge that the complaints were not properly verified. In Fitzgerald v. Christy, 242 Ill. App. 343, at 362, the court in speaking of a verification identical with the verification in the original complaint which is here contested, said:

"Defendants contend that the bill of complaint is not sufficiently verified. The verification is by complainant personally, who makes oath that he knows the contents of the bill of complaint, 'and that the same is true of his own knowledge, except as to the matters which are therein stated to be on information and belief, and that as to those matters, he believes them to be true.' That verification is sufficient and proper. George C. Peterson Co. v. Asphalt Sales Corporation, 235 Ill. App. 592; National Plumbing & Heating Supply Co. v. Illinois Wood Preserving Co., 239 Ill. App. 69; Farrell v. Heiberg, 262 Ill. 407."

That case also cites the rule in regard to discretion given to the trial court as follows:

"Upon an appeal from an interlocutory order granting an injunction, the question for determination is whether the court below improperly exercised its discretionary powers in respect to issuing an injunction *pendente lite*, and unless it clearly appears that it has done so, the order should be affirmed."

In Callahan v. Holsman, 351 Ill. App. 1, a technical objection in regard to an information and belief affidavit was made. There the court said:

"The first question presented for decision is a technical one, that is, whether the verification to the complaint upon which the injunction order was issued is correctly worded. The verification, by one of the plaintiffs, contains the usual language—that he is

164

acquainted with the facts stated in the complaint and that the same are true, followed by this qualification, 'except for such facts as are stated on information and belief and that as to these he verily believes them to be true.' It is the argument of the appellants, supported by considerable authority, that failure to include the words 'to be' after the word 'stated' makes the affidavit inadequate. The argument is that inasmuch as the exception is not confined to those facts which are in the complaint stated *to be* on information and belief, it may cover all the averments of the complaint, and only by searching the mind of the pleader can we know which facts he knew firsthand. . . . Our decisions should not turn on such points. Mr. Justice Bristow in Karlock v. New York Cent. R. Co., 333 Ill. App. 655, quotes Mr. Justice Cardoza as follows:

" 'The law has outgrown its primitive state of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view today.' Applications for temporary injunctions are matters of urgency, and complaints are prepared under pressure. While the complaint and the verification attached to it should clearly show the right to the remedy, some discretion should be allowed to the chancellor and the reviewing court in determining the intent of the affidavit. If, as here, the complaint contains some averments set forth as being on information and belief, then an affidavit which avers that all matters stated in the complaint are true 'except for such facts as are stated on information and belief,' should be construed as referring to such matters as are in the complaint stated *to be* on information and belief."

In conclusion in this case it appears that (1) the bill of complaint and supplemental complaint state a

165

prima facie cause of action for an accounting; (2) that the injunction is for the purpose of maintaining the status quo of the property until the determination of the accounting; (3) that the complaints were sufficient to warrant the issuing of an injunction thereon; (4) that notice was given and a hearing had; (5) that there was no abuse of judicial discretion in the granting of the temporary injunction to maintain the status quo or in waiving the bond.

The decision of the lower court is affirmed.

Affirmed.

FRIEND, J., concurs.

BURKE, J., dissents:
No evidence was offered by plaintiff in support of her allegations. The answers presented a complete defense. The chancellor could not resolve the issues without evidence or affidavits. See Shlensky v. South Parkway Bldg. Co., 350 Ill. App. 293; Miller v. Chicago Transit Authority, 339 Ill. App. 398; Moss v. Balch, 320 Ill. App. 135, (Abst.); Exchange Nat. Bank v. Credio, 344 Ill. App. 124, (Abst.). Therefore the order granting the injunction should be reversed.