Master Barbers' and Beauty Culturists' Association of Chicago, Inc., *et al.*, Plaintiffs-Appellants, *v.* Alfred Grajek *et al.*, Defendants-Appellees.

(No. 55663;

First District (3rd Division)—May 3, 1973.

Robert J. Egan, of Chicago, for appellants.

Robert J. Gorman, of Chicago, for appellees.

Mr. JUSTICE McNAMARA delivered the opinion of the court:

Plaintiffs filed a complaint under the Illinois Anti-Trust Act (Ill. Rev. Stat. 1969, ch. 38, par. 60—1 *et seq.*), charging defendants with conspiring to fix the price of haircuts and seeking both a temporary and permanent injunction and treble damages. Defendant, Alfred Grajek, was the owner of the Veterans Barber Shop located at 33 East 111th Place in the City of Chicago. The other defendants were barbers in the same

shop. Before defendants filed their answer, plaintiffs made a motion for a temporary injunction. The trial court denied plaintiffs' motion for temporary relief after a hearing. Plaintiffs prosecute this interlocutory appeal from the trial court's denial of their motion, and contend that the trial court's order was improper.

The facts, as developed at the hearing, show that Grajek leased 20 chairs in the shop to independent barbers who work their own hours and collect their own fees. The shop had no cashier. In return for the lease arrangement Grajek operated as a central purchasing agent for the purpose of purchasing linens, barber supplies and arranging for advertising.

Grajek and several other defendant barbers testified that the basic price of a haircut at the shop was $1.25 for adults and $1.00 for children. They testified that the adult price was raised from $1.00 to $1.25 about six years previously and that this price increase was the result of individual action by each barber. They also stated that there were additional charges for special services which were determined by the individual barber at the time the services were rendered. At the time of the filing of this suit, the prevailing price for adult haircuts in all other barber shops throughout the area was $3.

Grajek testified that the basic price of $1.25 for haircuts at the Veterans Barber Shop was the advertised price. Plaintiffs introduced several advertisements from local newspapers and handbills confirming Grajeks' testimony.

Plaintiffs' complaint sought an injunction to restrain the defendant barbers from publishing, communicating or combining to fix their prices or hours at the shop in question. At the hearing, plaintiffs' main contention appeared to be that defendants should be restrained by means of temporary injunction from advertising the price of haircuts at their barber shop on the grounds that such advertising is violative of the Illinois Anti-Trust Act. Plaintiffs contend in this court that the evidence adduced at the hearing clearly established their right to such a temporary injunction. We do not agree.

■■■ Initially, it should be noted that the granting or refusal to grant a temporary injunction rests within the sound discretion of the trial court and, unless there is an abuse of this discretion, a reviewing court will not set aside the determination of the trial court. (*Weingart v. Weingart*, 23 Ill.App.2d 154, 161 N.E.2d 714.) In order to obtain a temporary injunction the moving party must establish an immediate need for the injunction in order to preserve the *status quo* and to prevent irreparable injury to its rights, as well as show the probability of ultimate success on the merits of the case. (*Schlicksup Drug Co., Inc. v.*

*Schlicksup*, 129 Ill.App.2d 181, 262 N.E.2d 713.) Plaintiffs have failed to meet this burden.

Under the facts as presented to the trial court it is apparent that the temporary injunction which plaintiffs were seeking was not necessary to preserve the *status quo* as it existed between the parties at the time the complaint was filed. In fact, the injunction would have altered the *status quo* in that it would have prevented defendants from advertising the price of haircuts at the Veterans Barber Shop, an already established practice.

██ The record has also failed to show that an injunction was necessary to prevent irreparable injury to plaintiffs' rights. There are no facts in the record to establish that plaintiffs would suffer irreparable harm if they were not granted immediate relief. And, a temporary injunction is an extraordinary remedy which is generally employed only in matters of great urgency. (*Hoffman v. City of Evanston*, 101 Ill.App.2d 440, 243 N.E.2d 478.) The effect of haircut prices in one shop would appear to be minimal.

██ Pending the joinder of issues and a final determination of the litigation, the trial court did not abuse its discretion in denying the plaintiffs' motion for a temporary injunction.

Accordingly, the order of the circuit court of Cook County denying the request for a temporary injunction is affirmed.

DEMPSEY, P. J., and McGLOON, J., concur.