THE PEOPLE *ex rel.* MARGARET E. THOMPSON, Plaintiff-Appellant, *v.* COUNTY BOARD OF SCHOOL TRUSTEES OF DU PAGE COUNTY *et al.*, Defendants-Appellees.

(No. 73-376;

Second District—September 13, 1974.

Margaret E. Thompson, *pro se.*

John J. Bowman, State's Attorney, of Wheaton (James F. Campion, Assistant State's Attorney, and John Demling and Thomas Eckhardt, of counsel), for appellees.

Mr. JUSTICE KUNCE delivered the opinion of the court:

The Du Page County Board of School Trustees ordered annexation of territory to School District 57 and detachment from District 53 upon the joint petition of the districts. The plaintiff's pro se petition sought to set aside this order on administrative review contending that District 53 was involved in a boundary dispute and that there were unissued bonds of the district at the time the petition was filed. Over the objection of plaintiff, the trial court granted the motion of Westmont Community Unit School District 201 for substitution as a party defendant as successor to former School District 57. District 201 conceded that the Board of Trustees' order should be vacated for the reasons alleged in plaintiff's petition for review, and the trial court accordingly set aside the Board's order. Plaintiff contends that District 201 was invalidly organized and, therefore, was improperly substituted as a party for District 57 and that additionally the trial court should have gone into the irregularities of the formation of the consolidated community unit district.

■■■ The trial court granted the precise relief requested by the plaintiff in her verified petition. It vacated and held for naught the Board's order of annexation. The defendants admitted the error of the Board's order as being untimely entered. This removed all dispute from the litigation between the plaintiff and the defendants. The issue raised by plaintiff after the matter was on review in the circuit court of the validity of the organization of District 201 was not germane to the question of the legality of the Board's annexing order. This issue was in effect a collateral attack on the organization of the district and could not be raised in an administrative review proceeding. The only proper method of attacking the validity of the organization of a school district or its board is by *quo warranto* proceedings. (*Schrodt v. Holsen,* 299 Ill. 247, 132 N.E. 424.) There was no error in vacating the order of the Board of School Trustees.

Accordingly, the judgment of the circuit court of Du Page County is affirmed.

Judgment affirmed.

ALLOY and STOUDER, JJ., concur.