*In re* ESTATE OF GEORGE S. HALAS, JR., Deceased (Christine D. Halas, Petitioner-Appellant, v. A. Gerson Miller, Successor Ex'r of the Estate of George S. Halas, Jr., *et al.*, Respondents-Appellees).

First District (3rd Division)   No. 88—1058

Opinion filed September 21, 1988.

John M. Morrone and Graham C. Carlton, both of Palos Heights, for appellant.

Marshall E. Eisenberg and Stephen Fedo, both of Neal, Gerber, Eisenberg & Lurie, of Chicago, for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Petitioner Christine D. Halas appeals from an order of the probate division of the circuit court denying Christine and Stephen Halas' motion to temporarily enjoin the sale of certain securities by respondent A. Gerson Miller, successor executor of the estate of George S. Halas, Jr., and purchase of the securities by respondent Chicago Bears Football Club, Inc. The trial court subsequently denied Stephen's motion to stay enforcement of its order permitting the sale. While Stephen filed a notice of appeal, he has made no further appearance before this court.

In 1979, George S. Halas, Jr., died, leaving two children, Christine and Stephen. Decedent's estate included the George S. Halas, Jr., Family Holding Company, which held 183 shares of class C common stock of the Chicago Bears Football Club, Inc., *i.e.*, 19.67% of all outstanding shares. It also held a 19.68% interest in the Chicago Bears Skybox Partnership. Miller, as executor of decedent's estate, controlled the title of these outstanding shares.

On October 28, 1987, Neil Bluhm and Judd Malkin offered to purchase the Bears and Skybox shares, for a combined price of $17,500,000. The executor accepted, subject to court approval and to the Bears' possible exercise of the right of first refusal.

On November 17, 1987, the executor notified the Bears and Skybox partnership of the offer. On December 30, 1987, Bluhm and Malkin allocated $500,000 of the purchase price for the Skybox Partnership interest, and the remainder for the Bears stock. On January 6, 1988, notice of the allocated price was given.

The executor's petition for authorization to transfer the securities

was opposed by Christine and Stephen as beneficiaries of the testamentary trusts created under decedent's will.

On January 26, 1988, the trial court found that the estate was illiquid and unable to pay its liabilities and expenses, and that the sale of the Bears shares was necessary. The court found further that the executor had acted in good faith and with the requisite degree of skill and diligence; that the offer was fair and reasonable and in the best interests of the estate; and that the allegation of Christine and Stephen that the sale involved a secret agreement to gain control of the football club was wholly unsupported by the evidence. The court approved the sale.

On March 3, 1988, the Bears exercised the right of first refusal pursuant to article sixth of the Bears' certificate of incorporation. The Bears informed the executor that it would purchase the stock from the estate.

On March 9, 1988, Christine and Stephen sought a temporary restraining order to prevent transfer of the stock to the Bears. They raised objections similar to those previously raised and rejected as to the Bluhm-Malkin offer. In addition, they maintained that the Bears Club had failed to exercise its right of first refusal in a timely manner. The court entered an order denying that motion, and on April 6, 1988, denied Stephen's motion to stay the order of March 9.

On June 22, 1988, the executor reported to the trial court that the appraised net fair market value had a total present value of $13,566,666. The present value of the Bluhm-Malkin offer was $14,500,000.

On July 5, 1988, this court denied Christine's emergency motion to enjoin the transfer of the Bears stock during the pendency of the appeal. The scheduled closing of the transaction was July 29, 1988.

■■ ■ The granting or refusal of a motion for a preliminary injunction rests within the sound discretion of the trial court. Absent an abuse of this discretion, a reviewing court will not set aside the trial court's determination. (*Master Barbers' & Beauty Culturists' Association of Chicago, Inc. v. Grajek* (1973), 11 Ill. App. 3d 780, 298 N.E.2d 353.) Petitioner here has failed to show the requisite clearly ascertainable right that warrants special protection, an irreparable injury, and likelihood of success on the merits. See *Greenspan v. Mesirow* (1985), 132 Ill. App. 3d 508, 478 N.E.2d 20.

■ Petitioner contends that the price mandated by article sixth of the Bears' certificate of incorporation has not been met. Article sixth provides that when the Bears exercise the right of first refusal it must pay the greater of the price originally offered by the other

party, or the net fair market value per share, as determined by three appraisers.

On April 18, 1988, the executor invoked the appraisal procedure following a court hearing. Thus, it was in process on May 27, 1988, when petitioner filed her opening brief in this court. On June 15 the procedure was complete, and on June 22, the appraisals were submitted to the trial court. The present fair market value of the Bears' offer was $13,566,666, and the value of the Bluhm-Malkin offer was $14,500,000. The Bears, therefore, have agreed to pay the price offered by Bluhm and Malkin.

We conclude that the article sixth appraisal requirement has been met.

■ Petitioner argues further that the Bears failed to comply with the article sixth provision regarding the timeliness of exercising the right of first refusal. Article sixth provides that the Bears have 60 days to exercise the right to purchase the shares after receiving notice of "the price or other consideration, if any, that has been proposed to be paid or given for the transfer of the Shares." The Skybox Partnership Agreement also requires that the notice recite the proposed purchase price.

Petitioner points to the executor's November 17, 1987, notice to the Bears and the Skybox Partnership of a combined offer of $17,500,000. The trial court found, however, that the only notice which complied with the certificate of incorporation and the partnership agreement was the January 6, 1988, notice of the allocated price of $500,000 for the Skybox shares and the remainder for the Bears' stock. The Bears refused to waive the requirement that the price be allocated, thus permitting it to have notice of the purchase price of the Bears' stock, which it sought to purchase, separate from the price of the Skybox shares, which the Bears did not seek to buy. We find no error in the trial court's determination that the 57 days between the January 6 notice of an allocated price and the March 3, 1988, exercise of the right of first refusal met the 60-day requirement of article sixth.

For the foregoing reasons, the judgment of the circuit court of Cook County denying petitioner's request for injunctive relief is affirmed.

Judgment affirmed.

WHIT, P.J., and FREEMAN, J., concur.